OPINION
Defendant-appellant, Jeffrey Scarborough, appeals a decision of the Warren County Court of Common Pleas adjudicating him a sexual predator.
Appellant was found guilty following a jury trial of sexual battery, gross sexual imposition, and rape. On January 15, 1991, appellant was sentenced to four to ten years of imprisonment for sexual battery, eighteen months of imprisonment for gross sexual imposition and ten to twenty-five years of imprisonment for rape, sentences to be served concurrently. In June 1997, the Ohio Department of Rehabilitation and Correction recommended that appellant be determined to be a sexual predator pursuant to R.C.2950.09(C). Appellant filed a motion to dismiss and motion to declare the provisions of R.C. Chapter 2950 unconstitutional.
On July 29, 1997, after a hearing and consideration of the factors enumerated in R.C. 2950.09(B), the trial court found by clear and convincing evidence that appellant is a sexual predator and so adjudicated him pursuant to R.C. 2950.09(C)(2). The trial court also overruled appellant's motion to dismiss. It is from this judgment that appellant now appeals, setting forth the following assignments of error:
Assignment of Error No. 1:
 Classification of Appellant as a sexual predator, the duty to register and notification procedures of revised R.C. 2950.01 et. [sic] seq., are in violation of the ex post facto clause of the United States Constitution.
Assignment of Error No. 2:
 Classification of Appellant as a sexual predator, the duty to register and notification procedures of revised R.C. 2950.01 et. [sic] seq., are in violation of the retroactive clause of the Ohio Constitution.
Assignment of Error No. 3:
 Classification of Appellant as a sexual predator, the duty to register and notification procedures of revised R.C. 2950.01 et. [sic] seq., violates Appellants' [sic] rights to equal protection under the United States Constitution.
Assignment of Error No. 4:
 The hearing to have Appellant declared a sexual predator constitutes double jeopardy.
Assignment of Error No. 5:
 The notification provisions of R.C. 2950.01 et. [sic] seq., are cruel and unusual punishment, and are a violation of the Appellant's constitutional rights to liberty and safety.
Assignment of Error No. 6:
 The decision of the trial court is not supported by the evidence.
Assignment of Error No. 7:
 The Sexual Predator Screening Instrument is hearsay not falling within any exception and reliance upon it by the trial court is prejudicial error.
In his first assignment of error, appellant contends that the sexual predator classification procedure and the attendant duties of registration and notification found in R.C. 2950.01 et seq. violate the Ex Post Facto Clause of the United States Constitution. This court considered and rejected this argument in State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported. In Lyttle, this court held that the classification of a person as a sexual predator pursuant to R.C. 2950.09(C) does not violate the Ex Post Facto Clause of the United States Constitution because "the classification scheme and attendant registration, verification, and notification provisions set forth in R.C. Chapter 2950 are not punitive." Id. at 26. Therefore, appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the sexual predator classification procedure and the attendant duties of registration and notification found in R.C. 2950.01 et seq. violate the retroactive clause of the Ohio Constitution. This court also considered and rejected this argument in Lyttle and held that R.C. Chapter 2950 does not violate the Ohio constitutional prohibition against retroactive legislation because "application of R.C. Chapter 2950 does not impair or take away any vested rights, affect an accrued substantive right, or impose new or additional burdens, duties, obligations or liabilities based upon past conduct." Id. at 34. Accordingly, appellant's second assignment of error is overruled.
In his third assignment of error, appellant contends that the sexual predator classification procedure and the attendant duties of registration and notification found in R.C. 2950.01 et seq. violate the Equal Protection Clause of the United States Constitution. This court recently considered and rejected this argument in State v. Nicholas, et al. (Apr. 6, 1998), Warren App. Nos. CA97-05-045, et al., unreported. In Nicholas, this court held "that the sexual predator classification scheme found in R.C. 2950.09(C) does not violate the Equal Protection Clause" because it "treats all offenders who are still imprisoned on January 1, 1997 the same and under the rational-basis test, it bears a rational relationship to a legitimate governmental interest, namely, to protect the public from sex offenders." Id. at 13-14. Appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant contends that the sexual predator classification hearing violates the Double Jeopardy Clause. This court has considered and rejected this argument in State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported. In Naegele, we held that based upon our determination in Lyttle that the sexual predator law does not constitute punishment, "imposition of the law cannot violate the Double Jeopardy Clauses of the Ohio or United States Constitutions." Id. at 7. Accordingly, appellant's fourth assignment of error is overruled.
In his fifth assignment of error, appellant contends that the notification provisions of R.C. 2950.01 et seq. constitute cruel and unusual punishment and violate his constitutional rights to liberty and safety. This court considered and rejected this argument in Nicholas and held that "the notification provisions of the sexual predator law do not constitute cruel and unusual punishment." Nicholas at 20-21. This court's decision was based upon our earlier decision in Lyttle "that [since] the provisions of the [sexual predator] statute do not constitute punishment, it follows that the notification provisions of the statute cannot be deemed cruel and unusual punishment." Id. at 19-20. This court also found no merit in the appellant's argument that the community notification provisions of R.C. Chapter 2950 violated his rights to liberty and safety. Id. at 20. Appellant's fifth assignment of error is overruled.
In his sixth assignment of error, appellant contends that the decision of the trial court determining that he is a sexual predator is not supported by clear and convincing evidence. Appellant argues that the state failed to present sufficient evidence upon which the trial court could conclude that he is a sexual predator because the prosecutor simply relied on the evidence presented at trial and failed to call witnesses, present new evidence, or provide expert testimony.
At a hearing to determine whether an offender is a sexual predator, both "the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1). "The statute does not require either party to present new evidence or call and examine witnesses." Nicholas at 22.
Before making the determination as to whether an offender is a sexual predator, the judge must consider "all relevant factors," including the ten factors set forth in R.C. 2950.09(B)(2)(a)-(j). After reviewing the testimony and evidence presented, and considering the factors found in R.C. 2950.09(B)(2), the trial court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(C)(2). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale (1991), 58 Ohio St.3d 121, 122. While clear and convincing evidence is "more than a preponderance of the evidence," it does not rise to the level of "evidence beyond a reasonable doubt." State v. Ingram (1992), 82 Ohio App.3d 341,346. See, also, State v. Danby (1983), 11 Ohio App.3d 38, 41.
At appellant's sexual predator hearing on June 26, 1997, the prosecutor, James Beaton, testified under oath as to the nature of the conduct which resulted in appellant's convictions for various sexually oriented offenses. Beaton also specifically brought to the trial court's attention several factors enumerated in R.C. 2950.09(B)(2). Appellant had been drinking alcohol on the day in question and encountered the victim, who had also been drinking. The victim agreed to drive appellant in her vehicle to an unidentified location. Appellant directed the victim to drive to a deserted area in Warren County. At that point, appellant engaged in various sexually oriented offenses, including raping the victim. The victim was twenty years old when the offenses were committed.[1]
Appellant presented testimony from Alyce Pullin, his mother. Pullin testified that appellant "would not do anything deliberately to hurt anyone" and that "his only problem was the drinking." According to Pullin, appellant "really had an alcoholic problem." Pullin stated that she has had contact with appellant while he has been in prison and that he no longer has a drinking problem, "is an entirely changed person," and "has come a long way in the last seven or eight years." Pullin stated that appellant "is not a sexual predator" and that he "never was."
Appellant testified that at the time of the offense, he had a drinking problem and described himself as a "reality runner." Appellant stated that while he has been incarcerated, he completed two stress management programs and a twelve step program "which helped [him] a great deal." Appellant offered into evidence the various certificates which note his activities and accomplishments while in prison. The certificates indicate that appellant completed programs in rational emotive therapy, assertiveness training, two stress management workshops, a twelve step counseling group, and group therapy. Appellant also received a General Educational Development degree and a certificate of appreciation for being a guest speaker at the "even number AA meeting." Appellant stated that the various programs he completed have helped him and that he is "not who [he] was when [he] went into the pen."
Appellant testified that the events for which he was convicted were related to his drinking problem and that the victim "was drinking as much as [he] was." Appellant also stated, as was his contention at his trial, that the sexual intercourse which took place between him and the victim was consensual. Appellant also testified that he has previously been convicted of public indecency and grand theft.
Russell Comer, a chaplain at the Montgomery County Jail, also testified on appellant's behalf. Comer testified that when he first met appellant, he recognized that appellant had an alcohol problem. Comer stated that appellant "gets to be a different person under the influence and when he is not under the influence, I really can truly say, you would not find a nicer guy or friend to be around." Comer stated that if appellant is released from prison, he does not believe that appellant will drink alcohol again.
The trial court found that the state had presented clear and convincing evidence that appellant is a sexual predator and so adjudicated him. The trial court noted that it was particularly concerned with appellant's conduct at the time of the crime as it relates to two particular factors enumerated in R.C.2950.09(B)(2), dealing with the nature of appellant's sexual conduct and whether it was part of a demonstrated pattern of abuse and whether the offender displayed cruelty or made any threats of cruelty during the commission of the sexually oriented offenses. After carefully reviewing the transcripts of the sexual predator hearing and the evidence presented, we find that there is sufficient clear and convincing evidence in the record to support the trial court's determination that appellant is a sexual predator. Appellant's sixth assignment of error is overruled.
In his seventh assignment of error, appellant contends that the trial court erred by relying on a Sexual Predator Screening Instrument ("SPSI") when determining whether appellant is a sexual predator. Appellant argues that the SPSI is hearsay which does not fall within any recognized exception and reliance upon it by the trial court constitutes prejudicial error.
This court has recently considered the issue of whether hearsay evidence is admissible at a hearing to determine whether an offender should be classified as a sexual predator. State v. Warner (Apr. 20, 1998), Butler App. No. CA97-03-064, unreported. In Warner, this court held that "the Rules of Evidence, including the hearsay rule, [are] not applicable to [a sexual predator] classification hearing pursuant to Evid.R. 101(C)(3)," which excludes the Rules of Evidence, including the hearsay rule, from "miscellaneous criminal proceedings." Id. at 9.
Furthermore, we note that even if the trial court improperly admitted the SPSI into evidence at appellant's sexual predator classification hearing, such admission would constitute harmless error under the circumstances of this case. The trial court is required by R.C. 2950.09(B)(2)(b) to consider the "offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses." The SPSI states that appellant had been previously convicted of public indecency and unlawful restraint and contains a very brief explanation of the facts supporting those charges.[2] The SPSI also contains appellant's prior criminal history and lists additional convictions that appellant has had in the past.
At the sexual predator hearing, appellant testified that he had previously been convicted of grand theft and public indecency, although he did not elaborate regarding the facts underlying those convictions. Under the circumstances, we find that any error that may have been committed by admitting the SPSI at the hearing was harmless given appellant's testimony that he had previously been convicted for such offenses. The record also contains sufficient evidence to support the trial court's determination that appellant is a sexual predator, exclusive of the SPSI. See Warner, Butler CA97-03-064, unreported. Accordingly, appellant's seventh assignment of error is overruled.
Judgment affirmed.
POWELL, J., concurs.
KOEHLER, J., dissents.
[1] At the sexual predator hearing, Beaton did not explain in detail the various facts underlying appellant's convictions because the trial court stated that it remembered the details of appellant's crimes and would consider the transcript of the trial as well. The following facts underlying appellant's convictions are from our decision in his direct appeal of his convictions. See State v. Scarborough (Nov. 18, 1991), Warren App. No. CA91-01-012, unreported: Appellant encountered the victim on the evening of August 12, 1990. The victim agreed to drive appellant to his friend's house. Appellant eventually directed the victim to drive to the end of a long gravel lane so that he could urinate. Appellant then re-entered the vehicle, pulled the keys out of the ignition, forcibly removed some of the victim's clothing, and ordered the victim to remove the remainder of her clothing. Appellant forced the victim to perform fellatio upon him and then vaginally raped her. Appellant then tied the victim's hands behind her back and fondled her breasts, buttocks, and pubic region. Id. Appellant also continued to vaginally, anally, and orally rape the victim while threatening her with harm. The victim also claimed that appellant inserted a beer bottle into her vagina. When appellant finally passed out, the victim managed to free her hands, run to safety, and notify the police.
[2] The SPSI explains that appellant's convictions for unlawful restraint and public indecency were based upon his conduct in grabbing a woman while he was completely naked and holding her while he masturbated.