Defendant-appellant, Michael C. Blanton, appeals a decision of the Warren County Court of Common Pleas adjudicating him a sexual predator. We affirm.
R.C. 2950.09 contains the procedures for classifying as a sexual predator an offender convicted and sentenced for a sexually oriented offense. The classification procedure which applies to appellant is found in R.C. 2950.09(C)(1) and provides that an offender who was convicted of or pled guilty to a sexually oriented offense prior to January 1, 1997, was sentenced before January 1, 1997, and was serving a term of imprisonment on or after January 1, 1997, may be adjudicated as a sexual predator.
In April 1994, appellant was found guilty of one count of rape without force of a five-year-old and sentenced to six to twenty-five years of imprisonment. In July 1994, appellant pled guilty to two counts of gross sexual imposition in cases involving children under the age of ten. The trial court sentenced him to one year on each count. These two sentences were to run concurrently, but consecutively with the sentence for rape. In October 1997, while appellant was still incarcerated, the Ohio Department of Rehabilitation and Correction recommended that appellant be adjudicated as a sexual predator in accordance with R.C. 2950.09(C). In November 1997, following a hearing, the trial court found by clear and convincing evidence that appellant is a sexual predator. Appellant filed this appeal, setting forth the following six assignments of error:
Assignment of Error No. 1:
 The decision of the trial court is not supported by and is against the manifest weight of the evidence.
Assignment of Error No. 2:
 Classification of Appellant as a sexual predator, the duty to register and notification procedures of revised R.C. 2950.01 et. [sic] seq., are in violation of the ex post facto clause of the United States Constitution.
Assignment of Error No. 3:
 Classification of Appellant as a sexual predator, the duty to register and notification procedures of revised R.C. 2950.01 et. [sic] seq., are in violation of the retroactive clause of the Ohio Constitution.
Assignment of Error No. 4:
 Classification of Appellant as a sexual predator, the duty to register and notification procedures of revised R.C. 2950.01 et. [sic] seq., violates Appellants' [sic] rights to equal protection under the United States Constitution.
Assignment of Error No. 5:
 The hearing to have Appellant declared a sexual predator constitutes double jeopardy.
Assignment of Error No. 6:
 The notification provisions of R.C. 2950.01 et. [sic] seq., are cruel and unusual punishment, and are a violation of the Appellant's constitutional rights to liberty and safety.
In his first assignment of error, appellant complains that the decision by the trial court is not supported by the manifest weight of the evidence. Appellant argues that the state failed to present sufficient evidence upon which the trial court could conclude that he is a sexual predator because the prosecutor simply relied on the evidence presented at his trial and failed to call witnesses, present new evidence, or provide expert testimony.
At an adjudicatory hearing to determine whether an offender is a sexual predator, both "the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1). The statute does not require either party to present new evidence or call and examine witnesses. Id.
In making the determination as to whether an offender is a sexual predator, a judge must consider "all relevant factors," including the following ten factors set forth at R.C.2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
After reviewing the testimony and the evidence, and considering the factors found in R.C. 2950.09(B)(2), the trial court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(C)(2). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale (1991),58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere `preponderance of the evidence,'" it does not rise to the level of evidence "beyond a reasonable doubt." Id.
At appellant's sexual predator adjudication hearing, the prosecutor testified under oath as to the nature of appellant's conduct giving rise to his respective convictions. Specifically, the prosecutor testified that in the two-year period from 1992 to 1994 appellant molested five children. Three of the acts occurred in Warren County, Ohio. In one of these cases, appellant was convicted of raping a child under the age of six years while the child was in his care. The prosecutor also testified that in 1992 appellant was accused in the state of Florida of committing lewd behavior in the presence of a child. On that charge, appellant agreed not to participate in such acts for two years in exchange for deferred prosecution, and moved from Florida shortly thereafter. In 1993, appellant was convicted in Idaho of participating in a sexual act with a child under the age of sixteen.
Appellant testified on his own behalf, stating that these "sexual things" happened because he was "living too fast." Appellant stated further that since he has been in prison, he has "had time to sit and think" about what he did and has talked with other inmates about ways to "handle things." Appellant also noted that he has taken small business courses in prison and was on the dean's list. Appellant's attorney also reminded the court that at appellant's trial psychologist Robert Tureen testified concerning a motorcycle injury appellant had when he was eighteen years old that resulted in massive brain injury.
At the court's request, appellant described the circumstances surrounding his arrests in Florida and Idaho. Appellant testified that he was urinating behind a woodpile at a friend's house in Florida and a child who was playing in the yard "caught" him. He was then charged with molesting three children. The incident in Idaho occurred at the house of an acquaintance. Appellant testified that he was taking a shower when the daughter of his host walked into the bathroom. Appellant "panicked" and said something he later couldn't remember to the girl. The girl told her parents who called the police.
Following this testimony, the trial court found by clear and convincing evidence that appellant is a sexual predator. The trial court based its decision upon, among other factors, the fact that appellant was "convicted in one way or another of committing sex offenses with five different children" in two years. The trial court also cited evidence that appellant had never fully recovered from the frontal lobe injury to his brain, a condition which in males "tends to manifest itself in aberrant sexual misconduct from time to time."
After thoroughly reviewing the transcript of the sexual predator hearing and the evidence presented, we find that there is sufficient evidence in the record to support the trial court's determination that appellant is a sexual predator. Appellant's first assignment of error is overruled.
In appellant's second, third, fourth, fifth, and sixth assignments of error, appellant challenges the constitutionality of the sexual predator statute under the United States and Ohio constitutions. This court has previously considered and rejected each of the constitutional arguments raised by appellant. See State v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-05-045, et al., unreported; State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported. On the authority of Nicholas and Lyttle, the second through sixth assignments of error are overruled.
Judgment affirmed.
POWELL, P.J., concurs.
KOEHLER, J., dissents.