Defendant-appellant, Ben Willeford, appeals from a decision of the Butler County Court of Common Pleas adjudicating him a sexual predator. We affirm.
On September 16, 1997, appellant was indicted and charged with three counts of gross sexual imposition, one count of possession of marihuana, two counts of importuning, two counts of rape, and two counts of disseminating matter harmful to juveniles. On November 13, 1997, appellant pled guilty to three counts of sexual imposition, one count of importuning, and one count of disseminating matter harmful to juveniles. On December 18, 1997, the trial court conducted a sexual predator hearing in accordance with R.C. Chapter 2950 and adjudicated appellant a sexual predator.
On appeal, appellant assigns a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FOUND HIM TO BE A SEXUAL PREDATOR.
In his assignment of error, appellant argues that the evidence does not support the trial court's determination that he is a sexual predator. Specifically, appellant argues that the evidence is insufficient to support a finding that he is likely to engage in future sexually-oriented offenses.
"A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). After reviewing the evidence presented at a classification hearing, a trial court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.01(C)(2). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale (1991), 58 Ohio St.3d 121, 122.
In determining whether an offender is a sexual predator, a trial court must consider "all relevant factors," including, but not limited to, the following factors set forth in R.C. 2950.09-(B)(2):
(a) The offender's age;
 (c) The age of the victim of the sexually oriented offense for which the sentence was imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty[.]
In the present case, appellant pled guilty to three counts of sexual imposition in violation of R.C. 2907.05. Accordingly, appellant was convicted of a "sexually-oriented offense" as defined in R.C. 2950.01(D)(1). Further, the trial court's finding that appellant was likely to engage in future sexually-oriented offenses was supported by the factors in R.C. 2950.09(B)(2) that are set forth above. The evidence presented at appellant's classification hearing revealed that appellant's offenses were committed when appellant was approximately thirty-nine years old. The offenses were part of a demonstrated pattern of abuse involving multiple victims who were six years old, eight years old, and twelve years old. In addition, appellant offered marihuana to a victim in order to induce sexual activity and displayed cruelty by brandishing a hangman's noose to another victim.
Based upon the foregoing, we conclude that clear and convincing evidence supported the trial court's determination that appellant is a sexual predator. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.