This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Defendant-appellant Raymond Sherman appeals from the maximum sentence (twelve months) imposed on him following his guilty plea to a charge of domestic violence (R.C. 2919.25). Defendant contends that the trial court failed to make the requisite findings necessary for the imposition of a maximum sentence. He also contends that he is entitled to the minimum sentence (six months) We find no error and affirm.
Defendant was indicted on two counts: felonious assault (R.C.2903.11) and domestic violence (R.C. 2919.25) arising out of an altercation with his wife. The domestic violence offense contained a furthermore clause alleging that he was convicted of a prior domestic violence offense, thereby making the crime a felony of the fifth degree pursuant to R.C. 2919.25(D).
On February 12, 1998, defendant entered into a plea bargain in which the State agreed to drop the felonious assault count in return for defendant's guilty plea to the domestic violence charge. At the plea hearing, defendant was advised of the possible sentences as six to twelve months and a fine of $2,500. Defendant was advised of his constitutional rights in accordance with Crim.R. 11, and the court accepted his guilty plea. The court then ordered a presentence investigation report before sentencing.
On March 10, 1998, a sentencing hearing was held. At the hearing, defense counsel informed the court that defendant had only one prior conviction, a misdemeanor domestic violence conviction. Defense counsel requested community control sanctions and informed the court that defendant would not go back to live with his wife if placed on community controlled sanctions. The court was further informed that defendant was on workers' compensation but would return to work as soon as he was cleared medically. (Tr. 12-14)
The trial court noted from the presentence investigation report the probation department's belief that defendant's failure to respond favorably to criminal sanctions gave rise to the inference that he should be incarcerated; that he "demonstrated a pattern of drug or alcohol abuse"; and that defendant did not accept responsibility for the crime or show remorse toward the victim, his wife. (Tr. 18-19). The court held that:
 [B]ased upon the factors to be considered by this Court relative to a fifth degree felony, and consistent with those factors that this court is required to consider under Senate Bill 2, it is hereby the sentence of this Court that you will be incarcerated for a period of 12 months at the Lorain Correctional Institution.
(Tr. 20)
The sentencing journal entry stated only that "prison is consistent with the purpose of R.C. 2929.11."
Defendant's sole assignment of error states as follows:
 I. RAYMOND SHERMAN HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY THE MAXIMUM SENTENCE IMPOSED IN THE CASE AT BAR, BECAUSE IT DID NOT COMPORT WITH OHIO'S NEW SENTENCING SCHEME.
Defendant asserts that the trial court failed to follow the statutory mandates of R.C. 2929.14 when it sentenced defendant to the maximum term of imprisonment for a fifth degree felony (twelve months) rather than the minimum term of imprisonment (six months)
Specifically, defendant asserts that the trial court did not give adequate reasons for imposing the maximum term as required under the new sentencing structure of Senate Bill 2. We disagree.
Pursuant to R.C. 2953.08(G)(1)(a) and (d), an appellate court may only reverse a sentence imposed under Senate Bill 2 if it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale(1991), 58 Ohio St.3d 121,122.
R.C. 2929.19(B)(2) states that:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term.
R.C. 2929.14(C) states:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Senate Bill 2 provides that an appellate court must review a trial court's decision and its reasons for imposing the maximum sentence upon an offender. State v. Banks(Nov. 20. 1997), Cuyahoga App. No. 72121, unreported. Under R.C. 2953.08(G)(1), the trial court record must affirmatively support the sentence. Furthermore, according to R.C. 2929.19(B)(2)(d), the trial court shall impose a sentence and shall make a finding that gives its reasons for imposing the maximum prison term for a single offense.See Banks, supra.
This Court in State v. Stribling(Dec. 10, 1998), Cuyahoga App. No. 74715, unreported, recently stated:
 To impose the maximum sentence, there must be a finding on the record that the offender committed one of the worst forms of the offense or posed the greatest likelihood of recidivism. See State v. Banks(Nov. 20, 1997), Cuyahoga App. No. 72121, unreported, State v. Beasley(June 11, 1998), Cuyahoga App. No. 72853, unreported. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. See Id., State v. Assad(June 11, 1998), Cuyahoga App. No. 72648, 72649, unreported, State v. Boss (Sept. 15, 1997), Clermont App. No. CA96-12-107, unreported, State v. Fincher
(Oct. 14, 1997), Franklin App. No. 97APA03-352, unreported.
As discussed above, the trial court need not use the exact language of R.C. 2929.14(C) during sentencing. Even though a clear statement of its findings would be a better practice as an aid for appellate review, such a statement is not required. Stribling,supra; State v. Fincher(Oct. 14, 1997), Franklin App. No. 97APA03-352, unreported.
In the present case, the trial court clearly expressed that it considered the factors relative to a fifth degree felony and those required under Senate Bill 2. (Tr. 20). The record reflects that the trial court considered the recidivism factors of R.C.2929.12(D) and found that defendant posed the greatest likelihood of committing future crimes. In support of its finding of recidivism, the trial court expressly found four of the recidivism factors to be present. Specifically, the trial court found that defendant had a prior misdemeanor domestic violence conviction (R.C. 2929.12(D)(2)); that defendant has failed to "respond favorably to criminal sanctions" (R.C. 2929.12(D)(3)); that defendant demonstrated a pattern of drug or alcohol abuse (R.C.2929.12(D)(4)); and that defendant failed to show remorse or accept responsibility for his offense (R.C. 2929.12(D)(5)).
It is clear from the transcript of the sentencing hearing that the trial court complied with its statutory duty under R.C. 2929.12
to consider the factors relating to the likelihood that defendant would commit future crimes. In fact, the trial court discussed each applicable recidivism factor of R.C. 2929.12(D) in the order which they appear in the statute. The statements made at the sentencing hearing indicate that the trial court was of the opinion that defendant's criminal activities would continue. Therefore, the trial court did not err in imposing the maximum sentence on the basis that defendant posed the greatest likelihood of committing future crimes. Even though the trial court did not use the exact language of R.C. 2929.14(C), it sufficiently stated in the record its findings and reasons for imposing the maximum sentence. We cannot find by clear and convincing evidence that the maximum sentence was not supported by the record or that it was contrary to law.
Defendant also asserts that R.C. 2929.14(B) requires the trial court to impose the shortest term on a first time felon. He contends that he is entitled to the shortest prison term (six months) pursuant to R.C. 2929.14(B) because he has never served a prison term. We disagree.
R.C. 2929.14(B) expressly states:
 Except as provided in division (C), (D)(2), (D)(3), or (G) of this section or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
Because we have already found that the trial court did not err in imposing the maximum sentence pursuant to R.C. 2929.14(C), we need not address R.C. 2929.14(B) as its express language renders it inapplicable.
Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE
 _____________________________________ LEO M. SPELLACY, JUDGE
 _____________________________________ MICHAEL J. CORRIGAN, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(2), 22(D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).