CINCINNATI BAR ASSOCIATION *v.* MASSENGALE.

[Cite as Cincinnati Bar Assn. *v.* Massengale (1991), 58 Ohio St. 3d 121.]

(No. D.D. 12—Submitted September 18, 1990—Decided March 27, 1991.)

*Nelson B. Hunt,* for petitioner.

*W. Deems Clifton* and *John G. Slauson,* for relator.

*Per Curiam.* The board found that petitioner had not complied with our 1961 order "to desist and refrain from the practice of law, in any form, from this day forward * * *," and had failed to establish by clear and convincing evidence that he is a proper person to be readmitted to the practice of law or that he possesses all the mental and educational qualifications that were required for his original admission to the bar. We agree and hereby deny petitioner's petition for reinstatement.

Under Gov. Bar R. V(28):

"Requisites for Reinstatement. No person shall be reinstated unless he or she establishes all of the following by clear and convincing evidence to the satisfaction of the panel hearing the petition for reinstatement:

"(a)   that he or she has made appropriate restitution to the persons who were harmed by his or her misconduct;

"(b)   that he or she possesses all of the mental, educational, and moral qualifications that were required of an applicant for admission to the Bar of Ohio at the time of his [or her] original admission;

"(c)   that he or she has complied with the continuing legal education requirements of Rule X, Section 3(F) of the Rules;

"(d)   that he or she is now a proper person to be readmitted to the Bar of Ohio, notwithstanding the previous disciplinary action taken against him or her."

We have defined "clear and convincing evidence" as:

"* * * [T]hat measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross* v. *Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E. 2d 118, paragraph three of the syllabus.

Petitioner's evidence falls far short of this standard. In his petition for reinstatement, petitioner states that since 1961 he has represented clients before the United States Immigration and Naturalization Service ("INS") independently and under the supervision of attorneys. The board concluded that petitioner had not obeyed our 1961 order of suspension. While much of the

evidence surrounding this issue was contradicted, we find sufficient evidence to support the board's conclusion. Although petitioner contended that he was authorized to practice before INS by a decision of a former district director of INS, dated February 4, 1976, on July 21, 1986, he entered into a consent agreement with the Committee on Unauthorized Practice of Law of the District of Columbia Court of Appeals, which restricted his ability to practice to giving assistance in filling in blank spaces on INS forms for nominal consideration, assisting attorneys while working as a paralegal, teaching immigration law provided that students are notified in writing prior to the first class that petitioner is not a licensed attorney, and practicing before a tribunal that specifically authorizes him, by name, to appear before it. Moreover, petitioner admitted that the purported February 4, 1976 decision authorizing the practice before INS was unsigned and that INS had no record of it.

Evidence produced at the hearing also indicated that petitioner had business cards printed identifying him variously as "Doctor of Law" and "Attorney and Counselor." He had also identified himself as an officer in the Maryland Wing of the United States Civil Air Patrol, when in fact he held no such position.

Moreover, petitioner organized and managed a law firm known as James Fox & Associates with offices in Washington, D.C. and Miami, Florida. Fox, who is an attorney licensed to practice in Virginia and Florida, has been severely debilitated by Parkinson's disease, and has not practiced law since 1979 or 1980. Fox has variously repudiated and affirmed his relationship with petitioner. However, during his association with Fox & Associates, petitioner signed the aforementioned consent agreement and, in 1987, was investigated by the unauthorized practice of law counsel of the Florida Bar on complaints of unauthorized practice of law in 1985 filed by Michael Ray, a former Florida associate of James Fox & Associates. An affidavit provided by Florida's unlicensed practice of law counsel indicated that on August 21, 1987, the Florida Bar filed a petition alleging that petitioner had engaged in the unlicensed practice of law. On December 7, 1987, the Supreme Court of Florida dismissed the petition without prejudice "because of the age of the actions forming the basis of the petition and not because The Florida Bar was of the opinion that the unlicensed practice of law had not taken place."

We also note that petitioner was convicted of a second federal crime in 1971 for the illegal rescue of property, involving a tax lien on an estate. He served approximately six months in a federal penitentiary on that conviction; petitioner also admitted signing another attorney's name to a motion in a pending action, claiming authorization to do so, although the attorney denied such authorization.

We find from the foregoing evidence that petitioner has not obeyed our 1961 order and has not established by clear and convincing evidence that he is now a proper person to be readmitted to the practice of law.

The board also found that petitioner does not possess all the mental and educational qualifications that were required for his original admission to the bar. There is substantial evidence in the record that petitioner knows immigration law well. Petitioner was vague about what he has done otherwise to keep current in the law. We find that petitioner has failed to establish this prerequisite to his reinstatement by clear and convincing evidence. Accordingly, we concur in

the findings and recommendations of the board and hereby deny petitioner's petition for reinstatement to the practice of law. Costs taxed to petitioner.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.