Defendants-appellants, Charles Davis, Paul McMullen, Jack Kasler, Charles Shoemaker, Phillip Meenach, Fred Winchester, and Ronnie Napper (collectively referred to as "appellants"), appeal decisions of the Madison County Court of Common Pleas adjudicating them sexual predators. We affirm.
R.C. Chapter 2950 establishes a procedure for classifying criminal offenders who have been convicted of sexually-oriented offenses. Appellants were convicted and sentenced for various sexually-oriented offenses prior to January 1, 1997, and were still serving a term of imprisonment after January 1, 1997. Pursuant to R.C. 2950.09(C)(1), the Department of Rehabilitation and Correction ("DOC") recommended that the trial court classify each of the appellants as a sexual predator. After holding classification hearings for each of the appellants pursuant to R.C. 2950.09(C)(2), the trial court found by clear and convincing evidence that all of the appellants were sexual predators.
On appeal, appellants raise two assignments of error challenging the constitutionality of R.C. Chapter 2950. In addition, Winchester raises an assignment of error challenging the sufficiency of the evidence supporting his classification as a sexual predator.
In the first assignment of error, appellants argue that R.C. Chapter 2950 violates the Ex Post Facto Clause of the United States Constitution and the retroactive clause of the Ohio Constitution. In State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-60, unreported, this court held that since the sexual predator law is not punitive, R.C. Chapter 2950 does not violate the Ex Post Facto Clause. Id. at 26. Likewise, this court found that the various provisions in R.C. Chapter 2950 were remedial, not substantive, and therefore did not violate the retroactive clause of the Ohio Constitution. Id. at 32. Accordingly, appellants' first assignment of error is overruled.
In the second assignment of error, appellants argue that R.C. Chapter 2950 violates the Equal Protection Clauses of the Ohio and United States Constitutions. Appellants argue that R.C. Chapter 2950 violates the Equal Protection Clauses because it treats offenders who have been convicted for sexually-oriented offenses and remain incarcerated after January 1, 1997 differently than those offenders who were convicted of the same offenses and released prior to January 1, 1997. We have also considered and rejected this constitutional challenge to R.C. Chapter 2950. See State v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-04-035, CA97-04-036, CA97-05-040, CA97-05-044, CA97-05-045, CA97-05-046, CA97-05-047, CA97-05-052, CA97-06-063, unreported, discretionary appeal allowed (1998), 82 Ohio St.3d 1482. Accordingly, appellants' second assignment of error is overruled.
In Winchester's assignment of error, he argues that the record does not contain clear and convincing evidence that he is a sexual predator. A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). After reviewing the evidence presented at a classification hearing, a trial court "shall determine by clear and convincing evidence whether the offender is a sexual predator." R.C. 2950.09(C)(2). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale (1991), 58 Ohio St.3d 121, 122.
In determining whether an offender is a sexual predator, a trial court must consider "all relevant factors," including, but not limited to, the following factors set forth in R.C. 2950.09
(B)(2):
(a) The offender's age;
 (c) The age of the victim of the sexually oriented offense for which the sentence was imposed;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
In the present case, Winchester pled guilty to two counts of gross sexual imposition in violation of R.C. 2907.05 and one count of attempted rape in violation of R.C. 2907.02. Thus, Winchester was convicted of a "sexually-oriented offense" as defined in R.C. 2950.01(D)(1). In addition, the trial court's finding that Winchester was likely to engage in future sexually-oriented offenses was supported by several factors in R.C. 2950.09(B)(2), including Winchester's age, the age of the victim, and the nature of Winchester's conduct.
The testimony and evidence presented at the classification hearing reveals that Winchester was approximately thirty-five years old when he committed the sexually-oriented offenses. The victim of the sexually-oriented offenses was Winchester's stepson who was under the age of thirteen. The evidence indicated that the sexual abuse included fondling and oral sex. The evidence also indicated that Winchester, who had been sexually abused during his childhood by his father and grandfather, sexually abused his stepson on numerous occasions and over a period of several years. Based upon these facts and circumstances, we conclude that clear and convincing evidence supported the trial court's determination that Winchester is a sexual predator. Accordingly, Winchester's assignment of error is overruled.
All of the judgments are affirmed.
YOUNG, P.J., and KOEHLER, J., concur.