Gerald W. Smith, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas, finding that he is a sexual predator. We affirm.
Appellant was accused of raping his girlfriend on February 6, 1988. The victim testified that the rapes occurred the morning after she informed appellant that she was pregnant with his child. During appellant's trial, the victim also testified that appellant forced her to perform fellatio, threw her against the bedroom wall, and inserted an electric candlestick into her vagina and anal cavity.
On October 20, 1988, a jury returned a verdict finding appellant guilty of felonious sexual penetration, a violation of former R.C. 2907.12. We affirmed appellant's conviction inState v. Smith (June 29, 1989), Franklin App. No. 89AP-47, unreported (1989 Opinions 2347). Appellant appealed our decision to the Ohio Supreme Court, and the appeal was dismissed in State v. Smith (1989), 46 Ohio St.3d 703.
On August 10, 1998, a sexual predator hearing was held for appellant and the trial court determined that appellant was a sexual predator. Appellant appeals this determination and presents the following assignments of error.
 FIRST ASSIGNMENT OF ERROR: The evidence before the court was insufficient to support the finding appellant qualified as a sexual predator.
 SECOND ASSIGNMENT OF ERROR: The trial court erroneously determined that R.C. 2950.09(C) does not violate the ban on retroactive laws set forth in Article II, Section 28 of the Ohio Constitution.
 THIRD ASSIGNMENT OF ERROR: The trial court erroneously determined that R.C. 2950.09(C) does not violate the ban on ex post facto lawmaking by the states set forth in Article I, Section 10 of the United States Constitution.
 FOURTH ASSIGNMENT OF ERROR: Section 2950.09(C) of the Ohio Revised Code imposes multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 FIFTH ASSIGNMENT OF ERROR: R.C. 2950.09(C)'s differential treatment of those who remain incarcerated for what are now classified as sexually oriented offenses, and those convicted of comparable offenses who do not remain incarcerated in a state penal institution, is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the comparable guarantee of Article I, Section 2
of the Ohio Constitution.
 SIXTH ASSIGNMENT OF ERROR: Section 2950.09(C) of the Ohio Revised Code is unconstitutionally vague insofar as it fails to provide specific guidance to courts call upon to determine whether or not an inmate is a sexual predator, and as it fails to allocate the burden of proof.
Appellant argues in his first assignment of error that there was insufficient evidence to support a finding that he is a sexual predator. We disagree.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). After reviewing all testimony and evidence presented at a hearing conducted pursuant to R.C. 2950.09(B)(1), a judge shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(3). In making the determination of whether the offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
"[A]n appellate court in reviewing a finding that the appellant is a sexual predator 'must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard.' "State v. Sturgill (May 4, 1999), Franklin App. Nos. 98AP-979, 98AP-980, unreported (1999 Opinions 1043, 1047), quoting Statev. Johnson (Sept. 24, 1998), Franklin App. Nos. 97APA12-1585, 97APA12-1589, unreported (1998 Opinions 4551, 4558). Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Sturgill, at 1047, followingCincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121,122.
In the present case, the state presented evidence that appellant had been convicted of committing a sexually oriented offense. R.C. 2950.01(D) states in part: " 'Sexually oriented offense' means any of the following offenses: * * * (4) A sexually violent offense." Appellant's previous conviction was for felonious sexual penetration, a violation of former R.C.2907.12. Felonious sexual penetration is a sexual offense and is also considered an "Offense of Violence." R.C.2901.01(A)(9)(a). Since felonious sexual penetration is a sexually violent offense, it is also a sexually oriented offense pursuant to R.C. 2950.01(D)(4). Therefore, we find that sufficient evidence was presented that appellant had been convicted of committing a sexually oriented offense pursuant to R.C. 2950.01(E).
The state also presented evidence that appellant is likely to engage in the future in one or more sexually oriented offenses. Two psychologists after assessing appellant on April 15, 1996, stated the following:
 [Appellant] would best be typed as an anger rapist. He is also likely to be impulsive and explosive. His assaultive behavior was seen as a retaliatory aggression as a way of getting even or undoing a perceived wrong. Because of [appellant's] overwhelming need to control others, he struck out when his victim refused to comply with his demands for an abortion. [Appellant] is seen as a relatively high risk to engage in this kind of offense again. He has such a high need for control that whenever he is frustrated or someone makes him extremely upset it would not at all be unlikely that he would let his anger explode again into another type of assault. Clearly if the person involved [is] a woman, a repeat sex offense could very possibly occur.
Additionally, the trial court in its judgment entry discussed each of the factors contained in R.C. 2950.09(B)(2)(a) through (j), including a finding that appellant displayed "cruelty by forcing a broken electric candlestick into [the victim's] vagina and rectum" and that his behavioral problems with anger contributed to his conduct.
Accordingly, after having reviewed the record, we find that there was sufficient evidence for the trial court to find by clear and convincing evidence that appellant is a sexual predator. Appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that R.C.2950.09(C) violates the ban on retroactive laws set forth in Section 28, Article II, of the Ohio Constitution because the registration, notification, and verification provisions are substantive and not remedial provisions. However, the Ohio Supreme Court has previously addressed this issue, and has found that: (1) the registration and verification provisions of R.C. Chapter 2950 are "remedial in nature and do not violate the ban on retroactive laws set forth in Section 28, Article II
of the Ohio Constitution," and (2) "the notification provisions of R.C. Chapter 2950 do not violate the prohibition in Section 28, Article II against retroactive laws." State v. Cook (1998),83 Ohio St.3d 404, 413-414. Accordingly, we overrule appellant's second assignment of error based upon the authority of Cook.
Appellant argues in his third assignment of error that R.C.2950.09(C) violates the ban on ex post facto lawmaking by the states set forth in Section 10, Article I, of the United States Constitution. The Ohio Supreme Court has also addressed this issue, finding that "the registration and notification provisions of R.C. Chapter 2950 do not violate the Ex PostFacto Clause because its provisions serve the remedial purpose of protecting the public." Cook, at 423. The court also held that the verification requirements do not violate the Ex PostFacto Clause of the United States Constitution because "the address verification requirements of R.C. Chapter 2950 are narrowly tailored to comport with the respective danger and recidivism levels of the different classifications of sex offenders." Cook, at 422, following Kennedy v. Mendoza-Martinez
(1963), 372 U.S. 144, 168-169, 83 S.Ct. 554, 567-568. Accordingly, we overrule appellant's third assignment of error based upon the authority of Cook.
Appellant argues in his fourth assignment of error that R.C.2950.09(C) violates the Double Jeopardy Clause of theFifth Amendment to the United States Constitution, and Section 10, Article I, of the Ohio Constitution because it imposes multiple punishments for the same offense. However, we have previously addressed this question finding that "the Double Jeopardy Clauses of the United States and Ohio Constitutions present no obstacle to the adjudication of a sex offender as a sexual predator under R.C. 2950.09(C)." Johnson, at 4562. Accordingly, appellant's fourth assignment of error is overruled.
Appellant argues in his fifth assignment of error that R.C.2950.09(C) violates the Equal Protection Clause of theFourteenth Amendment of the United States Constitution and Section 2, Article I, of the Ohio Constitution because of differential treatment between incarcerated and nonincarcerated offenders. We have previously overruled this same assignment of error, finding that R.C. 2950.09(C) does not violate the Equal Protection Clause of the United States and Ohio Constitutions. See State v. Coley (Mar. 23, 1999), Franklin App. No. 98AP-786, unreported (1999 Opinions 522, 524). Appellant's fifth assignment of error is overruled.
Appellant argues in his sixth assignment of error that R.C.2950.09(C) is unconstitutionally vague because it fails to provide specific guidance to courts and fails to allocate the burden of proof. Again, we have previously specifically addressed this assignment of error, finding that R.C.2950.09(C) is not unconstitutionally vague. See Coley, at 524-525. Appellant's sixth assignment of error is overruled.
Accordingly, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS, P.J., and BOWMAN, J., concur.