DECISION
Defendant-appellant, Maurice Jackson, appeals from a judgment of the Franklin County Court of Common Pleas determining him to be a sexual predator, pursuant to R.C. 2950.09(C). Appellant was indicted on one count of rape and one count of kidnapping arising out of an assault occurring on July 19, 1985. The indictment specified use of force and that the victim was age twelve. Appellant subsequently entered, on July 22, 1986, a plea of guilty of the lesser included offense of rape of a person under the age of thirteen, without use of force. A nolle prosequi was entered on the kidnapping count. Appellant was sentenced to an indefinite term of five to twenty-five years' incarceration.
Following the enactment of Ohio's sexual predator statutes codified in R.C. Chapter 2950, the Department of Rehabilitation and Correction transmitted a recommendation to the trial court that appellant be adjudicated a sexual predator. A hearing was held on September 30, 1999, at which the state presented no testimony, but submitted five documentary exhibits: the original indictment in appellant's case; the guilty plea form; the judgment entry of conviction and sentence; a presentence investigation form; and appellant's records from the Department of Rehabilitation and Correction, including a "sex offender progress summary" dated July 2, 1999. Based upon the stipulated exhibits, the trial court determined that appellant should be classified as a sexual predator and entered judgment accordingly.
Appellant has timely appealed and brings the following assignment of error:
 The evidence before the court was legally insufficient to establish that appellant was a sexual predator, subject to the lifetime registration and community notification provisions of Chapter 2950 of the Ohio Revised Code.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Since rape is a sexually oriented offense, the issue is whether the state proved by clear and convincing evidence that appellant is likely to engage in future sexually oriented offenses. R.C. 2950.09(B)(3);State v. Cook (1998), 83 Ohio St.3d 404, 423-424. Clear and convincing evidence is the evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v.Massengale (1991), 58 Ohio St.3d 121, 122. While clear and convincing evidence is more than a preponderance of the evidence, it does not rise to the level of evidence beyond a reasonable doubt. State v. Ingram (1992), 82 Ohio App.3d 341, 346.
R.C. 2950.09(B)(2) requires the trial court to take into consideration all relevant factors in making a sexual predator determination, including those enumerated in the statute:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) the age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
As this court has stated, an appellate court in reviewing a finding that appellant is a sexual predator "must examine the record to determine whether the trier of fact has sufficient evidence before it to satisfy the clear and convincing standard." State v. Johnson (Sept. 24, 1998), Franklin App. No. 97AP-1585, unreported. In examining the above-enumerated statutory factors, "the trial court may place as much or as little weight on any of the factors as it chooses * * *. Nor does the trial court have to find the majority of the factors to be applicable." Statev. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported.
Because appellant entered a guilty plea in his case, the evidence regarding the facts and circumstances of the crime are drawn only from the pre-sentence investigation report, which sets forth the appellant's, the victim's, and the witness's versions of events. These are summarized in an "official" description of the facts. There are no significant factual discrepancies between any of these statements.
Appellant was twenty years old at the time of the offense. He graduated from Brookhaven High School in 1983 with a 3.5 grade point average, and had taken classes in food management at the Northeast Career Center. He had worked for three years at a McDonald's restaurant on Dublin-Granville Road in Columbus as a "certified swing man," described as a quasi-supervisory position. Appellant was single, had no dependants, lived with his mother and contributed to household expenses. He paid one hundred forty-nine dollars in rent per month. Appellant had no criminal record as either a juvenile or adult prior to the present conviction.
On the day of the crime, the victim, a twelve-year-old female neighbor, called appellant's residence to ask if she could borrow some laundry detergent. Appellant told the victim to come on over. As the victim came into the house carrying a cup for the detergent, appellant grabbed her from behind and carried her downstairs to his basement bedroom. Appellant pushed the victim onto the bed and attempted to pull off her clothes. The victim was resisting by screaming and kicking, but he was able to subdue her and eventually achieved partial penetration. As the victim continued to struggle, a neighborhood boy came to the door, heard the victim screaming, and went to knock at the basement window. The boy yelled at appellant to get off the victim, which he did. The victim then jumped up, retrieved her clothing, and ran out the door.
The record of the hearing also contains a "sex offender progress summary" prepared by the Department of Rehabilitation and Correction, Southeastern Correctional Institution. This report describes appellant's institutional adjustment as average, with significant improvement from some early rules infractions. Appellant completed various sex offender programs while incarcerated, including a sex education/addiction class. Appellant has completed group therapy, social skills, victim empathy, and fantasy restructuring programs. With respect to the various treatment programs, the report states that appellant has made considerable progress in therapy, and is aware of areas in which he continues to require improvement. The report notes unfavorably that appellant has stated, "I get high on winning, being number one," and notes that appellant needs to balance his life by bringing some humility into areas where he strives to dominate. Appellant is on medication for hyperactivity and was in individual treatment to resolve his own childhood sexual abuse issues. The report notes that appellant has begun to understand the role that his own abuse contributed in his role as a perpetrator of abuse, but did not use this as an excuse for further offenses.
The report noted no problems with addiction to alcohol or drugs and the general diagnostic impression was of a histrionic personality disorder with narcissistic features. The final paragraph of the report, assessing the risk factors, noted appellant's high energy level and the need to channel his activity in productive ways. The report also states "it will be important for him not to be around any young girls while he is alone." It is not clear from the report whether this is based simply on appellant's prior conviction, or his acknowledged difficulties in establishing relationships with women.
The trial court's finding that appellant should be adjudicated a sexual predator stressed two aspects relating to the above report. The court noted that appellant's statement regarding his need to be "number one" in conjunction with appellant's impulsive nature and the statement in the report that he should not be alone around any young girls combined to be significant in presenting a risk of re-offending.
In view of the totality of the evidence before the trial court, including the circumstances of the crime as described in the pre-sentencing investigation, we find that the trial court erred in adjudicating appellant to be a sexual predator. Examining, seriatim, the elements appearing in R.C. 2950.09(B)(2), we note under R.C. 2950.09(B)(2)(a) that appellant was twenty years old at the time he committed his crime. This can be considered a neutral factor; early onset of criminal sexual conduct is generally viewed as negative, which is balanced, in appellant's case, by early initiation of counseling and treatment in the institution. Appellant had no prior criminal record of any type before his present conviction. This is a favorable factor under R.C. 2950.09(B)(2)(b).
Under R.C. 2950.09(B)(2)(c), we note that the victim's age at the time of the offense was twelve years old. This is indisputably a negative factor, yet does not place appellant entirely within that category of sexual offenders whose victims are extremely young children, and who are deemed at particularly high risk to re-offend. See, e.g., State v. Ferguson (1998), Franklin App. No. 97AP-858, unreported; State v. Daniels (Feb. 24, 1998), Franklin App. No. 97AP-830, unreported.
Under R.C. 2950.09(B)(2)(d), the offense for which appellant was convicted did not involve multiple victims. Under R.C. 2950.09(B)(2)(e), appellant did not use drugs or alcohol to impair the victim of his offense. Under R.C. 2950.09(B)(2)(f), the record reflects that appellant has participated in available programs for sexual offenders, a generally favorable factor.
Under R.C. 2950.09(B)(2)(g), covering "any mental illness or mental disability of the offender," the 1999 evaluation does contain a diagnosis of histrionic personality disorder with narcissistic features, but does not extend this diagnosis to predict the likelihood of re-offending. The report does contain the note that appellant should not be around young girls while he is alone. The report does not tie this to a specific diagnosis of pedophilia or other predisposition towards sexual crimes or violence towards women beyond the circumstances of the offense for which he was convicted. The psychological assessment of appellant, read as a whole, does not particularly substantiate the trial court's assessment of appellant's likelihood of re-offending, nor does it constitute a glowing endorsement of appellant's prospects for avoiding re-offending. Of itself, the report does not constitute sufficient clear and convincing evidence to support a determination that appellant should be classified a sexual predator.
We lastly turn to the final two enumerated factors in the statute, subsections 2950.09(B)(2)(h) and (i), which require the court to examine the nature of the offender's sexual conduct with the victim, whether the offense was part of a demonstrated pattern of abuse, and whether the offender, during the commission of the sexually oriented offense for which he was sentenced, displayed cruelty or made one or more threats of cruelty. In the present case, the rape by appellant was not part of a pattern of abuse, but a solitary incident. The case is thus clearly distinguishable from State v. Harley (Dec. 16, 1999), Franklin App. No. 99AP-374, unreported, in which a victim of similar age was abused over several years. Neither the victim nor witnesses invoked any other attacks by appellant against the victim or others, nor threats towards her or any other persons. Appellant ceased his assault on the victim when a twelve-year-old witness pounded on the basement window and yelled at him to stop. While the facts certainly suggest that appellant was guilty of the use of force, the consequences of which he was able to avoid by plea bargaining to a lesser offense not specifying force, the facts generally indicate no suggestion of cruelty beyond that which, of necessity, constitutes the offense of rape. While this is in no way an attempt to minimize the severity of his conduct, the determination we make today is not whether appellant is guilty of rape, an offense for which he has been properly sentenced and incarcerated, but whether the circumstances of that offense give rise to a probability that appellant will re-offend. While appellant's actions are certainly cruel in that they fulfill the elements of a cruel and heinous crime, they do not support a finding of heightened cruelty which would suggest capacity to re-offend.
In summary, the enumerated factors in the statute, as drawn from the documentary evidence before the trial court, do not constitute clear and convincing evidence of appellant's propensity to re-offend. "All sexually oriented offenses are acts of cruelty and are to be condemned. The issue presented when the state seeks to have an offender classified as a sexual predator, however, is whether the offender is likely to commit future sexually oriented offenses." State v. Baughman (May 4, 1999), Franklin App. No. 98AP-929, unreported. The fact that appellant has committed a sexually oriented offense by itself does not establish that appellant is likely to engage in a sexually oriented offense in the future. Based upon the circumstances of the crime, and the documentary evidence in the record, we find that the trial court's classification of appellant as a sexual predator is not supported by clear and convincing evidence. Appellant's assignment of error is accordingly sustained.
In accordance with the foregoing, appellant's assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas determining appellant to be a sexual predator is reversed, and this matter is remanded to the trial court for further proceedings in accordance with law and this decision.
 __________________ DESHLER, J.
KENNEDY and GEORGE, JJ., concur.
GEORGE, J., retired, of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.