DECISION
Calvin L. Quick, defendant-appellant, appeals from the judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator. We affirm.
On August 11, 1983, appellant pled guilty to two counts of rape, a violation of R.C. 2907.02(A)(3), an aggravated felony of the first degree. Because of his guilty plea, appellant was sentenced to serve two concurrent life sentences. While still serving his sentence, a sexual predator hearing for appellant was held on December 14, 1999. At the hearing, the trial court found appellant to be a sexual predator, which was journalized in an entry filed on December 15, 1999. Appellant appeals this determination and presents the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT APPELLANT WAS A SEXUAL PREDATOR WHEN THE STATE DID NOT ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT IS LIKELY TO COMMIT A SEXUALLY ORIENTED OFFENSE.
Appellant argues in his assignment of error that the trial court erred when it found him to be a sexual predator. Appellant claims that the evidence does not support a finding that he is likely to commit one or more sexually oriented offenses in the future.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). After reviewing all testimony and evidence presented at a hearing conducted pursuant to R.C. 2950.09(B)(1), a judge shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(3). In making the determination of whether the offender is a sexual predator, the judge shall consider allrelevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2)(a) through (j). An appellate court in reviewing a finding that the appellant is a sexual predator must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. State v. Davis (June 20, 2000), Franklin App. No. 99AP-1105, unreported.
 Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Smith (June 22, 1999), Franklin App. No. 98AP-1156, unreported, following Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122.
A review of the record shows that appellant pled guilty to rape, which is a violation of R.C. 2907.02. Rape is considered a "sexually oriented offense" pursuant to R.C. 2950.01(D)(1).
The record also shows that sufficient evidence exists to demonstrate that appellant is likely to engage in the future in one or more sexually oriented offenses. The victim was appellant's niece who was twelve years old at the time of the offense. Appellant's indictment stated that he engaged in anal intercourse, vaginal intercourse, and had sexual contact with the victim. Appellant's presentence investigation report also provided details of the offense. According to appellant, he had been drinking when his niece came out of the bathroom "with her pants and panties still down." Appellant stated that when he told her to put them back on, and she said no, "I just went ahead and obliged her." Appellant also claimed that the victim "wanted it she said come on and get it over with, you want to." However, according to his guilty plea entry, appellant "compelled the victim by force or threat of force." Concerning the offense, appellant said "I'm glad for the experience. Sooner or later I feel it would have happened between us."
The state also presented evidence from a psychological evaluation of appellant by Dr. James Davis and Stanley Lawrence based upon an interview with appellant on May 22, 1991. Appellant told them the way in which he handles frustration, "I try to keep it all inside." Appellant then noted that about once a year, "his anger seemingly gets the best of him." The report also stated that appellant's "chance of completing the parole process without further legal difficulty seems to be fair."
We have recently restated our position concerning offenders who have committed sexual abuse of children:
 "The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." State v. Jackson (June 8, 2000), Franklin App. No. 99AP-789, unreported, quoting State v. Henderson (Sept. 28, 1999), Franklin App. No. 98AP-1591, unreported.
Additionally, since appellant engaged in sexual conduct with his niece, "given the deeply ingrained and powerful social prohibitions against both incest and sexual relations with young children, the trial court could properly conclude that appellant's compulsion to commit these kinds of sexual offenses was deeply ingrained and that he was likely to reoffend." State v. Grau
(Dec. 28, 1999), Franklin App. No. 99AP-433, unreported. Also, in the present case, appellant's own statements that "I just went ahead and obliged her" and "[s]ooner or later I feel it would have happened between us" shows that appellant lacked the restraint needed to refrain from committing a crime so serious that the legislature determined that it is an aggravated first degree felony and is worthy of imposing a life imprisonment sentence. Appellant's statement that he was "glad for the experience" also shows that he did not have remorse for having committed the offense even though, because of his actions, he had been convicted and had served almost eight years in prison.
Appellant argues that the evidence was insufficient because the state relied upon appellant's conviction based upon acts committed over seventeen years ago and an eight-year-old psychological evaluation. Concerning the weight of the evidence provided by appellant's convictions, we have stated that "nowhere in R.C. 2950 is there any prohibition against being adjudicated a sexual predator based solely on facts arising from the underlying offense." State v. Henson (Mar. 14, 2000), Franklin App. No. 99AP-553, unreported. "Those facts alone are not always sufficient to support a sexual predator finding, but sometimes * * * they are." Id. While it would have been helpful if the trial court had a more recent psychological evaluation, appellant's counsel was able to argue the issue before the court and the court had the ability to weigh the recency of the psychological evidence against the other evidence presented in the hearing. The court in fact stated that its finding that appellant is a sexual predator was based upon the "relationship of the parties, multiple offenses."
Accordingly, after having reviewed the complete record, we find that the trial court's determination that appellant is a sexual predator is supported by sufficient evidence. The fact that the victim was twelve years old at the time of the offense, the victim was appellant's niece, the seriousness of raping a twelve-year-old girl, and appellant's apparent lack of remorse for his conduct, are telling indicators of the depths of appellant's inability to refrain from such illegal conduct. Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _____________________ LAZARUS, J.
BOWMAN, P.J., and McCORMAC, J., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.