OPINION
Defendant, Willie McCoffin, appeals from an order of the Franklin County Court of Common Pleas adjudicating him to be a sexual predator, pursuant to R.C. 2950.09(C). For the following reasons, we affirm.
In October 1991, a jury found defendant guilty of six counts of rape in violation of R.C. 2907.02. The trial court sentenced defendant to serve ten to twenty-five years of incarceration on each count, with two sentences running concurrent with each other and four sentences running consecutive to each other, for a total of forty to one hundred years. Defendant's conviction and sentence were upheld by this court in Statev. McCoffin (Oct. 22, 1992), Franklin App. No. 91AP-1233, unreported, and the Ohio Supreme Court denied further review. See State v. McCoffin
(1993), 66 Ohio St.3d 1437.
After the enactment of H.B. No. 180, the Department of Rehabilitation and Correction recommended that defendant be adjudicated a sexual predator. Based upon that recommendation, on March 2, 2000, the trial court conducted a hearing pursuant to R.C. Chapter 2950. The court reviewed the record, which included the indictment, the trial transcript, the judgment entry of conviction and sentence, the post-sentence investigation report, and portions of defendant's prison master file. On March 23, 2000, the trial court issued a decision in which it classified the defendant a sexual predator.
Defendant appeals the trial court's determination and advances the following assignment of error:
 The evidence before the court was legally insufficient to establish that appellant was a sexual predator, subject to the lifetime registration and community notification provisions of Chapter 2950 of the Ohio Revised Code.
A "sexual predator" is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Since rape is a sexually oriented offense pursuant to R.C. 2950.01(D)(1), the issue is whether the state proved by clear and convincing evidence that defendant is likely to engage in future sexually oriented offenses. State v. Cook (1998), 83 Ohio St.3d 404, 423-424. Clear and convincing evidence is "[t]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2950.09(B)(2) requires the trial court to consider "all relevant factors" in making a sexual predator determination, including those enumerated in the statute:
The offender's age:
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually oriented offense for which the sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 Any additional behavioral characteristics that contribute to the offender's conduct.
As this court has stated, an appellate court in reviewing a finding that defendant is a sexual predator "must examine the record to determine whether the trier of fact has sufficient evidence before it to satisfy the clear and convincing standard." State v. Sturgill (May 4, 1999), Franklin App. No. 98AP-979, unreported, quoting State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported. "[A] sexual predator hearing is a civil proceeding, State v. Newton (June 11, 1998), Franklin App. No. 97APA10-1353, unreported * * * and as in any civil appeal based upon the weight of the evidence, we must also presume that the findings of the trier of fact are correct." State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, unreported.
In our previous decision, we set forth the factual background of defendant's crimes as follows:
 "[O]n the evening of May 16, 1991, the victim, a fifteen-year-old runaway, had worked until approximately 9:00 p.m. at a store near her apartment. While working at the store, she had become casually acquainted with two of the co-defendants. On the evening of May 16, she waited in front of a residence at 1129 E. Main Street, for her boyfriend, Steve Miller, to arrive. While waiting for her boyfriend, she was confronted by two of the co-defendants, Darrell Ray and Kenneth Hannah. These two co-defendants make some overtures regarding the victim having sex with one of them. She refused, but the men persisted. The two co-defendants ushered the victim to the bedroom of a nearby vacant house at 485 South Champion Avenue and ordered her to undress. While in the bedroom, over a period of hours, these co-defendants raped the victim and beat her. During the night, another co-defendant appeared and joined the others in raping and beating the victim. Finally, appellant, known as "Peanut," appeared and he proceeded to rape and beat the victim. The victim was subjected by the various defendants to acts of fellatio, anal and vaginal intercourse. While the victim had originally attempted to resist, she succumbed in view of the physical attacks and the hopeless situation which provided no opportunity to obtain help or escape. In the early morning hours of May 17, the victim was taken from the vacant house, wearing a T-shirt and a torn pillowcase, to Ray's house where he proceeded to rape her again. Eventually Ray took the victim back to the vacant house where she had been raped so that she could get her clothes and other personal items. As a condition to obtaining her belongings, Ray forced her to engage in more sexual activity. She was eventually released in the morning hours and proceeded on foot to her apartment. Shortly thereafter, her boyfriend appeared and the police were called. The victim was then taken to Children's Hospital where she was admitted. Dr. Sarah Getshman, of Children's Hospital, testified this case was the worst of its kind she had ever seen.
Defendant first contends that his rape conviction was not supported by the evidence. Specifically, defendant claims that the victim's identification of him was not persuasive and that his denial to the police after his arrest should be believed. Since defendant could have challenged the sufficiency and/or manifest weight of the evidence in his direct appeal from his conviction and sentence, principles of resjudicata preclude us from considering such matters in a sexual predator proceeding.
Defendant next asserts that the evidence adduced at the hearing was insufficient to support a finding that he is likely to engage in a sexually oriented offense in the future. We disagree, finding that the record contains sufficient evidence to satisfy the clear and convincing standard. In so doing, we reaffirm that "past behavior is often an important indicator of future propensity." Johnson, supra; see, also,State v. Ferguson (Mar. 31, 1998), Franklin App. No. 97APA06-858, unreported.
In the instant case, the evidence before the trial court at defendant's hearing corresponds with several of the factors set forth in R.C.2950.09(B)(2). In particular, defendant was twenty-six years old at the time of the incident while the victim was only fifteen years old. R.C.2950.09(B)(2)(c). "The age of the victim is probative because it serves as a telling indicator of the depths of the offender's ability to refrain from such illegal conduct." State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported.
Further, defendant's conduct was egregious and part of a demonstrated pattern of abuse. R.C. 2950.09(B)(2)(h). Defendant and his co-defendants sexually assaulted the victim over a period of several hours. Defendant committed six separate acts of forced fellatio and anal and vaginal penetration. "[T]he commission of multiple sex offenses over a period of time can show that the defendant has a compulsion, and that he or she likely `will have a similar compulsion in the future to commit these kinds of sexual offenses.'" State v. Ivery (May 23, 2000), Franklin App. No. 99AP-628, unreported, quoting State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported. In addition, defendant displayed extreme cruelty by using force in the commission of the rapes and participating in a gang rape and vicious beating of the victim. R.C.2950.09(B)(2)(i). See, also, Henson, supra.
Furthermore, defendant has refused to acknowledge his participation in this crime and has shown no remorse. Such factors weigh in favor of a sexual predator finding. State v. Kendrick (Sept. 30, 1999), Franklin App. No. 98AP-1305, unreported. Moreover, defendant refused to participate in sexual offender counseling offered to him while incarcerated. No reason for this refusal was advanced by defendant at the hearing. As this court has noted, "[f]ailure to complete [sexual offender] counseling evidences a serious lack of commitment by defendant to avoidance of future offenses." Daniels, supra. See, also, Kendrick, supra.
The evidence upon which defendant relies, i.e., that his prison record reflects that he has performed satisfactorily in a controlled environment, and that he has no significant prior record, is insufficient to offset the overwhelming evidence of prior conduct that he is likely to reoffend.
Finally, we acknowledge that defendant relies upon this court's decision in State v. Baughman (May 4, 1999), Franklin App. No. 98AP-929, unreported, for the proposition that he cannot be found to be a sexual predator based solely on the facts underlying the instant offenses. As determined by this court in State v. Clary (Oct. 12, 2000), Franklin App. No. 99AP-1465, unreported, Baughman is inapposite:
 This court has since noted that Baughman was unique. In Baughman, relying upon the underlying facts alone would have been tantamount to automatically classifying any sexual offender a sexual predator. State v. Henson (Mar. 14, 2000), Franklin App. No. 99AP-553, unreported. However, Baughman, an unreported decision, has been distinguished on numerous occasions on the basis that it is "appropriate only where the facts indicate that the sole known act of sexual misconduct was the act for which defendant had been convicted and that fact, alone, without any of the other relevant factors was the basis for the sexual predator determination." [Citations omitted.]
 On several occasions, we have explained that R.C. Chapter 2950 does not require the state to prove a propensity to re-offend by facts other than the facts of the crime itself. Stated another way, R.C. Chapter 2950 does not contain a prohibition against being adjudicated a sexual predator based upon the facts arising from the underlying offense. In [State v.] King [(Mar. 7, 2000), Franklin App. No. 99AP-597, unreported], we explained:
 "* * * The statute draws no artificial distinction between facts underlying a conviction and other facts. Thus, we disagree that facts derived from the sexual offense for which defendant was convicted can never in themselves be sufficient to support a finding of sexual predator by clear and convincing evidence. * * *"
This court has reviewed the entire record and determined that there are facts within the underlying offenses that are especially indicative of the likelihood of defendant engaging in another sexually oriented offense in the future. We find that this evidence is sufficient for a rational trier of fact to find that the state has met its burden to prove with clear and convincing evidence that defendant is a sexual predator. Accordingly, defendant's sole assignment of error is not well-taken.
For the foregoing reasons, defendant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
BOWMAN, P.J., and KENNEDY, J., concur.