OPINION
Appellant, Carmin Stillman ("Stillman"), appeals from the judgment of the Lake County Court of Common Pleas entered on December 21, 1999, wherein appellant was adjudicated a sexual predator pursuant to R.C.2950.09. Stillman, who initially was charged with two counts of felonious sexual penetration, rape, and gross sexual imposition, pled guilty to four counts of gross sexual imposition (R.C. 2907.05) on May 17, 1996. On June 19, 1996, Stillman was sentenced to eighteen months on each of the four counts, to be served consecutively. Stillman was fifty-three years old at that time. The victim was an eight year-old girl who lived in an apartment across the hall from Stillman's apartment. The offenses occurred between July of 1995 and January of 1996.
In Stillman's first assignment of error, he contends that the finding he is a sexual predator under R.C. 2950.09 was against the manifest weight of the evidence. A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). A hearing to determine whether Stillman was a sexual predator was conducted on December 20, 1999. There was no question Stillman had pled guilty to sexually oriented offenses. The issue at the hearing was whether Stillman was likely to engage in sexually oriented offenses in the future.
Under R.C. 2950.09(C)(2), in making its determination whether an offender is a sexual predator, a court must consider all the relevant factors, including, but not limited to, those enumerated in R.C.2950.09(B). After reviewing all the evidence and testimony presented at the sexual predator hearing, and considering the factors specified in R.C. 2950.09(B)(2), the trial court must determine whether it has been presented with clear and convincing evidence that the offender qualifies as a sexual predator. See R.C. 2950.09(C)(2).
Clear and convincing evidence has been defined as that measure of proof which is more than a mere preponderance of the evidence but less than the extent of certainty required in establishing proof beyond a reasonable doubt in criminal cases. Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122. The evidence must establish in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id. Our task, in reviewing a matter wherein the proof required must be clear and convincing, is to "examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." State v. Schiebel (1990),55 Ohio St.3d 71, 74.
The factors set forth in R.C. 2950.09(B)(2) are as follows:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
In the instant case, in concluding that Stillman qualified as a sexual predator, the trial court relied on factors (c), (h), and (j). The trial court found that the victim of the offenses was eight years old at the time the offenses were committed. R.C. 2950.09(B)(2)(c). With regard to R.C. 2950.09(B)(2)(h), the court found that "[t]he nature of the interaction was a demonstrated pattern of abuse. Defendant was the victim's babysitter. He engaged in sexual activity with the victim over an extensive period of time and there were several offenses." Finally, with respect to R.C. 2950.09(B)(2)(j), the trial court "considered the fact that the psychiatric evaluation performed on defendant indicated that he has limited insight into his offenses, denies offenses, and poses a high risk of re-offending." These findings are supported by the record, and are sufficient to meet the burden of clear and convincing evidence that appellant is likely in the future to engage in sexually oriented offenses.
The trial court indicated at the conclusion of Stillman's hearing that the evidence it found most persuasive was the psychological evaluation which indicated that Stillman fits the classic profile of a child molester. The psychological profile included two actuarially based risk assessment "tests" for sex offender recidivism. One test indicated there was a high likelihood of recidivism. The other indicated that fifty-nine percent of those who tested similarly to Stillman commit another sexual offense within ten years of their release from prison. Considering those and many other facts and observations, the psychological report concluded that Stillman posed a definite threat of committing sexual offenses in the future. Thus, while not all the factors set forth in R.C.2950.09(B)(2) weighed against Stillman, those that did provided a sufficient basis for the conclusion there was clear and convincing evidence Stillman meets the criteria for the sexual predator designation. Appellant's first assignment of error is without merit.
In his second assignment of error, Stillman argues that R.C. 2950.09
violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and Section 2, Article I of the Ohio Constitution by creating a special class of offenders and imposing requirements upon them without any rational basis. This argument has been considered and rejected by the Ohio Supreme Court in State v. Williams
(2000), 88 Ohio St.3d 513. Appellant's second assignment of error is without merit.
In his third assignment of error, Stillman argues that R.C. 2950.09(C) is void for vagueness due to its inadequate provision of guidance regarding the standard and burdens of proof. This argument was also considered and rejected by the Supreme Court of Ohio in Williams, supra. Appellant's third assignment of error is without merit.
In appellant's fourth assignment of error, Stillman argues that R.C.2950.09(C) is sufficiently punitive in nature to constitute cruel and unusual punishment. This argument has been previously addressed by this court in State v. Wheeler (July 28, 2000), Lake App. No. 99-L-095, unreported, at 6. While we noted that the Supreme Court of Ohio did not address this specific question in either Williams, supra, or in State v.Cook (1998) 83 Ohio St.3d 404, the analysis in both Cook and Williams
concluded that R.C. Chapter 2950 was not "punitive" in nature but, rather, was remedial in nature. Because the Chapter has been determined to be remedial in nature, the prohibition against cruel and unusual punishment does not have any application. Wheeler, supra. Thus, Stillman's fourth assignment of error is without merit.
In Stillman's fifth assignment of error, he contends that R.C. 2950.09
violates his rights to privacy. This argument was rejected in Williams,supra, wherein the court held that the provisions of R.C. Chapter 2950 did not improperly impinge upon an offender's right of privacy. Appellant's fifth assignment of error is without merit.
In Stillman's sixth assignment of error, he argues that R.C. 2950.09(C) violates the Ex Post Facto Clause of the United States Constitution. This argument was rejected by the Supreme Court of Ohio in Cook, supra, based upon its conclusion that the statutory scheme served a remedial purpose and was not punitive in nature. Similarly, Stillman's argument in his seventh assignment of error that R.C. 2950.09 violates the constitutional provisions against double jeopardy was rejected on the grounds that the provisions were remedial in nature, and not punitive. Appellant's sixth and seventh assignments of error are without merit.
The judgment of the trial court is affirmed.
 ___________________________ WILLIAM M. O'NEILL, JUDGE
FORD, P.J., NADER, J, concur.