This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Joseph Lee Litton, appeals from the decision of the Summit County Court of Common Pleas, which found appellant guilty of one count of attempted murder and sentenced him to ten years imprisonment. This Court affirms.
 I.
{¶ 2} On August 26, 2001, appellant hit the victim, Otis Underwood, over the head with a beer bottle. Shortly thereafter, appellant returned to the scene, kicked the victim in the head and then hit the victim in the head with a cinder block. The victim was hospitalized for his injuries. The victim later died in the hospital, where the medical examiner ruled that his death was of natural causes. The medical examiner would not conclude that the attack caused the victim's death because she stated the victim had lived in poor health for many years.
{¶ 3} Appellant was a juvenile at the time he attacked the victim. Appellant was bound over from juvenile court and indicted for one count of attempted murder in violation of R.C. 2903.02(A)/2923.02, and one count of felonious assault in violation of R.C. 2903.11(A)(1). Appellant pled not guilty and the case was set for trial.
{¶ 4} On December 28, 2001, appellant pled guilty to the attempted murder charge, and the felonious assault charge was then dropped. The trial court ordered a presentence investigation report and a victim impact statement. On February 19, 2002, a sentencing hearing was held for appellant and the trial court imposed a ten-year prison sentence upon appellant for his attempted murder conviction.
{¶ 5} Appellant timely appealed and sets forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 6} "SENTENCING JOSEPH LITTON TO THE MAXIMUM NON-MANDATORY SENTENCE WAS NOT MANDATED BY ANY APPLICABLE SECTION IN THE OHIO REVISED CODE, AND ALTHOUGH THE COURT OF COMMON PLEAS CAN USE ITS DISCRETION IN HANDING DOWN WHAT SENTENCE IT CHOOSES, THE COURT MUST FOLLOW AT LEAST SOME GUIDELINES IN WHICH DEFENDANTS TO SENTENCE TO WHICH PENALTIES."
 SECOND ASSIGNMENT OF ERROR {¶ 7} "THE APPELLANT, NOW A SEVENTEEN YEAR-OLD MAN, HAS PROBLEMS WITH ALCOHOL AND DRUGS AND A NUMBER OF LEARNING DISABILITIES, WHICH SHOULD HAVE BEEN A DETERMINING FACTOR IN THE COURT OF COMMON PLEAS' SENTENCING DECISION OF FEBRUARY 19, 2002."
{¶ 8} In his first assignment of error, appellant essentially argues that the trial court erred in sentencing appellant to the maximum sentence for attempted murder. In his second assignment of error, appellant specifically argues that his alcohol and drug problems, as well as his learning disabilities, should have been determining factors in the trial court's sentencing decision. This Court disagrees.
{¶ 9} Given that both of appellant's assignments of error focus on the issue of what factors should determine the appropriate sentence for him, this Court will address them together for ease of discussion.
{¶ 10} Appellant does not contest that the trial court made the required findings for imposing a maximum sentence as required by R.C.2929.19(B)(2)(d), but rather that its findings are not adequately supported by the evidence before the trial court. This Court's standard of review is controlled by R.C. 2953.08(G)(2), which states:
 {¶ 11} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the court.
 {¶ 12} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 13} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 14} "(b) That the sentence is otherwise contrary to law."
{¶ 15} Clear and convincing evidence is that "`which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Cincinnati Bar Assn. v. Massengale
(1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
{¶ 16} In the present case, when the trial court sentenced appellant, it articulated both (1) that appellant's offense was a vicious form of attempted murder, and (2) that appellant posed a great likelihood of committing future crimes. At the sentencing hearing, the trial court stated:
 {¶ 17} "The Court will impose the maximum sentence of ten years in the penitentiary and costs.
 {¶ 18} "The Court bases this sentence upon the severity of the crime, the fact that you not only hit him one time with a bottle, which apparently knocked him unconscious, but you went back and hit him with a brick to the extent that according to the defendant[, you] saw his brains hanging out.
 {¶ 19} "So this has to be to the viciousness of the crime, the physical harm as well as emotional harm during this short period of time that this victim lived after this incident. I think any sentence that would be less than this would not adequately reflect the seriousness of the defendant's conduct.
 {¶ 20} "Further, that this sentence was necessary in order to protect the public from future crimes by this defendant. Anyone who could commit this kind of a crime, certainly one would be afraid that he would do it again.
 {¶ 21} "Although I'm giving him the maximum sentence, I do realize his youthful age, being a juvenile, but I feel that any sentence less than ten years in this particular case just would undermine the entire judicial system."
{¶ 22} The trial court also stated its findings supporting imposition of the maximum sentence for appellant in its February 19, 2002 journal entry.
{¶ 23} In reference to its imposition of the maximum sentence, the trial court had before it facts to establish that appellant had committed the worst form of the offense. After reviewing all the facts before it, the court also concluded that appellant posed the greatest likelihood of recidivism if left within the community. It referenced these findings in detail at both the sentencing hearing and in its journal entry convicting and sentencing appellant.
{¶ 24} This Court finds that the record does not reveal that the trial court acted contrary to law or the record when it imposed the maximum sentence upon appellant. Furthermore, this Court finds that the trial court followed the appropriate guidelines and considered the relevant criteria and circumstances of appellant in its decision to impose the maximum sentence for appellant's attempted murder conviction.
 III.
{¶ 25} Accordingly, appellant's two assignments of error are overruled. The judgment of the trial court is affirmed.
WHITMORE, J., BATCHELDER, J. CONCUR.