DECISION
Michael J. Kairis, defendant-appellant, appeals the August 18, 2000 and August 21, 2000 judgments of the Franklin County Court of Common Pleas finding him to be a sexual predator pursuant to his "Alford plea" as to two third-degree felony counts of gross sexual imposition, in violation of R.C. 2907.05.
In August 1998, appellant stayed overnight with his sister and niece, Krista, who was eight-years-old at the time. Krista alleged that when she came downstairs for breakfast the next morning, appellant hugged her and fondled her buttocks. He then exposed himself and put her hand on his penis. Krista further alleged that appellant then put his hands down her pants, rubbed her vagina, and inserted his finger in her vagina. Krista claimed that after the incident, appellant told her not to tell anyone. Appellant maintains Krista was not telling the truth but, instead, claims on the day in question he woke up between 7:00 and 8:00 a.m. and left his sister's house to go to work.
On April 26, 1999, appellant was indicted on one count of kidnapping, in violation of R.C. 2905.01, a first-degree felony; three counts of gross sexual imposition, violations of R.C. 2907.05, third-degree felonies; and one count of rape, in violation of R.C. 2907.02, a first-degree felony, as a result of the alleged acts between he and Krista. While still maintaining that he was factually innocent of the charges, on June 28, 2000, appellant entered guilty pleas pursuant toNorth Carolina v. Alford (1970), 400 U.S. 25, for two counts of gross sexual imposition, violations of R.C. 2907.05, third-degree felonies, and the remaining counts were dismissed via nolle prosequi. A sexual predator determination hearing was held on August 18, 2000, at which time the court found appellant to be a sexual predator. A judgment entry was filed on August 18, 2000, journalizing the sexual predator classification. Another judgment entry was filed on August 21, 2000, in which the court reiterated its finding that appellant be classified a sexual predator and ordered a term of imprisonment of three years on each count to run concurrent to each other. Appellant appeals the judgments, asserting the following assignment of error:
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WHERE THE FACTUAL CRITERIA TO WARRANT SUCH DESIGNATION WAS NOT PRESENT.
Appellant argues in his assignment of error that the trial court erred in finding him to be a sexual predator. A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). There is no dispute in the present case that appellant's offenses qualify as "sexually oriented offenses." Thus, the only issue presented is whether the state has proven by clear and convincing evidence that appellant is likely to engage in future sexually oriented offenses. R.C. 2950.09(B)(3); State v. Cook
(1998), 83 Ohio St.3d 404. Clear and convincing evidence is evidence that will provide, in the mind of the trier of fact, a firm belief or conviction as to the facts sought to be established. Cincinnati BarAssn. v. Massengale (1991), 58 Ohio St.3d 121, 122. R.C. 2950.09(B)(2) requires the trial court to take into consideration "all relevant factors" in making a sexual predator determination, including various factors enumerated in R.C. 2950.09(B)(2)(a) through (j).
Based on our independent review of the record, we conclude that there is clear and convincing evidence to find that appellant is a sexual predator. The trial court specifically discussed each factor in R.C.2950.09(B)(2) as it related to appellant. Our own review indicates that the evidence before the trial court corresponds with several of the factors set forth in R.C. 2950.09(B)(2). Importantly, at the time of the offense, Krista was eight-years-old and appellant was twenty-four-years-old. Evidence concerning an adult engaging in sexual contact with a young child is a factor to be considered in support of a sexual predator finding. R.C. 2950.09(B)(2)(a) and (c). We have recently restated our position concerning offenders who have committed sexual abuse of children:
 The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable. State v. Jackson (June 8, 2000), Franklin App. No. 99AP-789, unreported, quoting State v. Henderson (Sept. 28, 1999), Franklin App. No. 98AP-1591, unreported.
Additionally, since appellant engaged in sexual conduct with a family member, his niece, "given the deeply ingrained and powerful social prohibitions against both incest and sexual relations with young children, the trial court could properly conclude that appellant's compulsion to commit these kinds of sexual offenses was deeply ingrained and that he was likely to reoffend." State v. Grau (Dec. 28, 1999), Franklin App. No. 99AP-433, unreported; see, also, State v. Quick (Aug. 22, 2000), Franklin App. No. 00AP-57, unreported.
Further, appellant had a history of criminal behavior. In 1991, he was adjudicated a delinquent minor for disorderly conduct. In 1996, appellant was convicted of burglary and was on probation at the time of the current offense. Appellant's juvenile and adult criminal history is a relevant factor in assessing his danger of recidivism. R.C. 2950.09(B)(2)(b);State v. Scott (Sept. 29, 2000), Franklin App. No. 00AP-260, unreported;State v. Henson (Mar. 14, 2000), Franklin App. No. 99AP-553, unreported. The record also reveals appellant has a history of drug abuse and that he has used crack, Valium, cocaine, and continues to smoke marijuana "a lot." The pre-sentence investigation indicates that appellant has been in several drug treatment programs but has not been successful in breaking his drug addiction. Appellant's history of drug and also alcohol abuse may be relevant to his recidivism pursuant to R.C. 2950.09(B)(2)(j), as such may contribute to the loss of self control in a sexual offense situation. See State v. Fannin (Nov. 21, 2000), Franklin App. No. 00AP-537, unreported; State v. Clary (Oct. 12, 2000), Franklin App. No. 99AP-1465, unreported.
In addition, under subsection (h) of R.C. 2950.09(B)(2), the court may consider the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense. In the present case, appellant inserted his finger into the vagina of an eight-year-old. Digital penetration of a minor has been found to be a relevant factor under R.C. 2950.09(B)(2)(h). See, generally, State v. Wilburn (Dec. 17, 1999), Holmes App. No. 97CA586, unreported.
Therefore, after having reviewed the complete record, we find that there was sufficient evidence presented at the hearing to establish appellant's propensity to engage in future sexually oriented offenses. The very young age of his victim, his close familial relationship with his victim, his criminal history, the nature of the sexual contact, and his history of drug and alcohol abuse all demonstrate appellant's propensity to engage in such acts in the future. As such, we conclude that the trial court properly adjudicated appellant to be a sexual predator.
Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and LAZARUS, JJ., concur.