OPINION
In 1983, defendant, Eddie C. Stanley, was convicted of three counts of rape, one count of felonious assault, and one count of kidnapping. The defendant's conviction and sentence were upheld by this court on December 22, 1983. State v. Stanley (Dec. 22, 1983), Franklin App. No. 83AP-376, unreported. Thereafter, on September 28, 2000, defendant was adjudicated a sexual predator. Defendant now appeals that determination, raising the following assignment of error:
 The trial court's decision finding Appellant to be a "sexual predator" as defined by [R.C.] 2950.01(E) is contrary to the weight of the evidence.
In our previous decision, we set forth the events leading up to defendant's conviction as follows:
 The alleged victim, a 25-year-old registered nurse, testified that she met defendant and four other men at a night club, and, after having danced and talked with one or more of them, left thinking that they were going to get something to eat. She testified that after considerable delay and misdirection she was finally forced to drive her car to a house which she was forced to enter where she was subjected to multiple rapes over a prolonged period of time. She testified very positively that defendant threatened her, kicked her in the stomach, and struck her with his fist in the head two or three times. She stated that she was forced to have vaginal, oral, and anal intercourse with defendant and others. She finally was released and she went immediately to a neighbor's house to call the police. She was taken to the emergency room at St. Anthony's Hospital. The doctor in charge of the emergency room testified to various bruises on her face and body and that she was visibly upset. In his opinion, the bruises were consistent with her being slapped or struck with a fist. There was trauma in her mouth, consistent with fellatio. She had rectal bleeding that was consistent with injuries caused by anal intercourse. The physician stated that there was a serious injury to her eye, which could have resulted in blindness.
 The victim stated that her rectum was bleeding the next day and she received treatment for it and that she still was being treated by a psychologist, with whom she had twenty counseling sessions.
 The victim's testimony was further corroborated by the neighbor who stated that she came to their door to call the police and was crying hysterically. The police officers testified to the bruises on her body and took pictures of them, which pictures were offered into evidence. Her torn blouse was also introduced as physical evidence. The sperm test from her vagina were [sic] positive.
After the enactment of H.B. No. 180, the Department of Rehabilitation and Correction recommended that defendant be adjudicated a sexual predator. Based upon that recommendation, on August 31, and again on September 28, 2000, the Franklin County Court of Common Pleas held a hearing in compliance with R.C. Chapter 2950. The court reviewed the record and trial transcript, heard argument from counsel, and then issued a decision in which it classified the defendant a sexual predator.
A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). When determining whether an offender is a sexual predator, a trial court must consider all relevant factors, including, but not limited to, those set forth in R.C. 2950.09(B)(2)(a) through (j). Those factors are: the offender's age; prior criminal record; the age of the victim; whether the sexually oriented offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; whether the offender previously has been convicted of or pleaded guilty to any criminal offense; whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense; whether the offender participated in available programs for sex offenders; whether the offender suffers from any mental illness or disability; the nature of the offender's sexual conduct with the victim and whether that contact was part of a demonstrated pattern of abuse; whether the offender displayed or threatened cruelty during commission of the offense; and whether there are any additional behavioral characteristics that contributed to the offender's conduct.
Once it has considered the factors of R.C. 2950.09(B), in addition to all other relevant factors, the court is charged with determining whether the state has shown, by clear and convincing evidence, that the offender is likely to re-offend. R.C. 2950.09(C)(2). Clear and convincing evidence is "[t]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond reasonable doubt' in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122.
As set forth in R.C. 2950.09, an offender's age and prior criminal record are important factors to consider when determining an offender's risk of recidivism. In the present case, the defendant was an adult of twenty-six years when he committed these crimes. At that time, the defendant also had previous criminal convictions for disorderly conduct, possession of hallucinogens, and assault. Notably, the defendant was also convicted of attempting to escape while incarcerated for this very offense. These facts demonstrate a notable risk of recidivism.
The trial court must also take into consideration the victim's age, which in this case was twenty-three. Additionally, the use of alcohol clearly played a role in this crime. This is particularly telling in light of the defendant having been diagnosed as having an anti-social personality disorder with concomitant alcohol dependence.
In this case, the trial court was particularly concerned with the nature of the defendant's conduct. The evidence before the court shows a cruel and prolonged gang rape of the victim by at least four men; and of those men, it can be fairly said that the defendant acted in a position of authority, dominance, and control. As noted in our previous opinion, there is also ample evidence demonstrating that the victim was lured into accompanying the defendant and others by deception. There is also evidence that she was restrained and transported by use of physical force and threat, beginning with the defendant's statement to the victim while in her car that he might well have a knife and might "cut her up."
Once the group arrived at the crime scene, but before the rape began, the victim was punched in the head and kicked in the stomach by the defendant as she attempted to leave. The defendant then stated that she was going to have to have sex with all of the men before she was allowed to leave. Thereafter, the defendant and others brutally raped the victim time and again, over at least a five-hour period. During this period, the defendant engaged in several additional unprovoked attacks upon the victim, and there is ample evidence that many of those attacks were far in excess of that required to force her to submit to the unwanted sexual acts.
Finally, when given an opportunity to speak to the court, the defendant attempted to both minimize his involvement in the gang rape, while at the same time blame the other participants, who, in the defendant's eyes, committed the real offenses and escaped punishment therefore. In his own words to the trial court, defendant stated:
 One defender [sic] was actually acquitted on this at a trial, another defendant like got like 90 days, and two other guys that were there that night that were vital to being witnesses was not gotten ahold of in the actual case back then when it went to trial from the judge. * * *
 Your Honor, I got a charge of anal sex that I did not have with this female, which is seven to 25, and I did not have sex with her like that, and I did not have sex with her in her mouth. I had sex with a female one time. She squatted over top of me and it lasted like five seconds and it was over.
* * *
 I want you to know how I feel. When you make this decision I hope you've read up on the things and know there was other co-defendants involved in this and they're on the streets and none of them went to jail. * * *
* * *
 I never kicked that female in the stomach, sir. I swear it. I'll take sodium pentathol [sic] or a lie detector test or whatever. [Tr. 9-10, 13, 24.]
The defendant's comments clearly show a lack of acceptance, acknowledgement, sorrow, or willingness to take responsibility for his actions. This weighs heavily in favor of the trial court's finding that the defendant, given another opportunity to do so, would engage in similar conduct.
We conclude noting that sexual predator determinations are fact specific and must be analyzed on a case-by-case basis. State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported. After carefully reviewing the record in this case, we find there are sufficient facts for the trial court to find by clear and convincing evidence that the defendant is a sexual predator as defined in R.C. 2950.01(E). Accordingly, we overrule the defendant's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
 ______________________ PETREE, J.
LAZARUS add KENNEDY, JJ., concur.