OPINION
Defendant, Thomas Guy Moore, appeals a January 24, 2001 judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator and sentencing him to a six-year term of incarceration. Defendant raises the following two assignments of error:
 [1.] The trial court erred in finding Appellant to be a sexual predator.
 [2.] The sentence imposed by the trial court was contrary to the sentencing criteria contained in R.C. 2929.13 and R.C. 2929.14.
On January 5, 2000, at approximately 12 p.m., defendant, driving a blue station wagon, stopped near the intersection of Seymour Avenue and East Main Street in order to attract the attention of the victim, Julie Tolle. According to Ms. Tolle, defendant stopped, exited his vehicle, approached, and grabbed her by her hair pulling her into his car. Defendant then drove a short distance on East Main Street, and turned north onto Nelson Road.
After being pulled inside, Ms. Tolle noticed that the front passenger seat of the defendant's vehicle had been removed, and that plastic had been placed over everything in the interior except for the windows. As they drove, defendant held a knife to Ms. Tolle's head, cursed and threatened her, and ordered her to perform fellatio. On several occasions, Ms. Tolle attempted to look out the window to see where defendant was driving. However, when she did so, defendant punched her in the back of the head and threatened that if she upset him, he would take her out into the country where he would "do" her. The victim stated that she understood this to mean that he would kill her.
In order to prevent detection or escape, as he drove, defendant ran stop signs and red lights. However, after turning east on East Livingston Avenue, defendant encountered a large truck blocking the roadway. As he approached the truck, several police officers were in the roadway directing traffic around a "jack-knifed" truck. One or more of these officers ordered defendant to stop. Instead of slowing, however, defendant sped up in an attempt to drive around the truck. However, the truck completely blocked defendant's path as it maneuvered. After being forced to stop, Ms. Tolle jumped from the vehicle and ran toward the officers. As she did so, defendant turned and sped away, followed by several police officers. He was apprehended and arrested a short time later.
After being arrested, defendant gave numerous conflicting stories. At the time of the arrest by the pursuing officers, defendant denied knowing or seeing the victim, and also denied even being at the location where the victim jumped out of his car. Upon further questioning, defendant claimed that he had left his apartment at approximately 11 p.m. and drove to the "Bare Facts Lounge." He claims to have been stopped and questioned on his way home from the lounge, at which time he denied having contact with anyone. He also claimed to have been shown a picture of the victim and stated that he did not know her and had never seen her before.
After being advised that an investigation and tests would be performed, defendant changed his story, admitted to being at the location of the truck, but denied any sexual activity, abuse, or threats. According to defendant, he picked the victim up at Eastmoor Avenue and East Main Street and agreed to drive her to Eastland Mall. While they were driving, defendant claims that Ms. Tolle propositioned him, and that he rejected that proposition. When they arrived at the blocked intersection, defendant claims that the victim suddenly jumped out of the car and, fearing that he might be caught in the company of a prostitute, he fled.
Defendant later revised his story stating that he picked up the victim after recognizing her from meeting her about a year earlier. He then admitted to asking her to buy him some crack cocaine, but believed that she kept some of the purchase for her own use. After demanding that she owed him something, defendant explained that the victim voluntarily performed oral sex upon him. He then finally admitted that he had, in fact, been in the area for the purpose of finding someone to perform oral sex upon him. At the time of the pre-sentence report, defendant also admitted to pulling the victim's hair, forcing her to perform oral sex, threatening her, and calling her a "bitch" and a "whore."
The record in this case demonstrates that defendant was cruising for a prostitute that night for the purpose of engaging in sexual activity. Defendant believed that the victim was a prostitute and, further, that she had cheated him on a previous drug deal. After stopping his car, defendant violently abducted the victim, forced her into his car, where he held a knife to her and forced her to perform oral sex upon him. Defendant also beat the victim in the back of the head several times.
Defendant's car had no front passenger seat, and the interior was covered with trash bags, which had been taped to the doors, seats, and floor. As he left the scene of the abduction, defendant ran through stop signs and red lights, only to be stopped by police who were directing traffic as a result of a truck blocking the entire roadway. Once the victim jumped from the car, defendant fled the area at a high rate of speed.
On January 14, 2000, defendant was indicted on one count of rape in violation of R.C. 2907.02, and one count of kidnapping in violation of R.C. 2905.01. He later entered a guilty plea to one count of attempted rape, was classified a sexual predator, and sentenced to serve a six-year term of incarceration.
On many previous occasions we have explained that a "sexual predator" is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Because the crime of attempted rape is a sexually oriented offense, the issue is whether the state proved by clear and convincing evidence that the defendant is likely to engage in future sexually oriented offenses. State v. Cook (1998), 83 Ohio St.3d 404, 423-424. Clear and convincing evidence is "[t]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122.
A trial court must consider "all relevant factors" in making a sexual predator determination, including those enumerated in R.C. 2950.09(B)(2). Those enumerated factors are:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
When reviewing a sexual predator determination, we must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. State v. Sturgill (May 4, 1999), Franklin App. No. 98AP-979, unreported, quoting State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported. A sexual predator hearing is a civil proceeding, State v. Newton (June 11, 1998), Franklin App. No. 97APA10-1353, unreported. Thus, as in any civil appeal based upon the weight of the evidence, we must also presume that the findings of the trier of fact are correct. State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, unreported.
In this case, the evidence before the trial court corresponds with several of the factors set forth in R.C. 2950.09(B)(2). Keeping in mind that sexual predator determinations are fact specific, State v. Clary (Oct. 12, 2000), Franklin App. No. 99AP-1465, unreported, we note that at the time of the crime, the defendant was thirty years old. Although he attempted to characterize himself as a typical law-abiding citizen, he in fact has a history of often violent criminal behavior, which is relevant when assessing his danger of recidivism. State v. Scott (Sept. 29, 2000), Franklin App. No. 00AP-260, unreported, and State v. Henson (Mar. 14, 2000), Franklin App. No. 99AP-553, unreported. In 1994, defendant was convicted of theft and a subsequent failure to appear charge. In 1998, defendant was convicted of assaulting his live-in girlfriend and, in 1999, of illegally discharging a weapon. Defendant was again convicted in 1999 of a second assault upon his girlfriend. Later that same year, defendant was convicted of drug abuse, and his probation was terminated.
The record also shows that defendant has a substantial history of alcohol and drug abuse which is also relevant to the determination at hand. State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported. By his own admission, defendant was accustomed to abusing alcohol and using over three grams of crack cocaine a day. He was also disciplined for drug use while in the navy, and received an "other than honorable discharge" as a result of his drug use.
At the conclusion of the defendant's predator/sentencing hearing, the trial court explained:
 * * * [W]hat I do see here is evidence that is clear and convincing, in fact, probably beyond that. There was some planning, there was some thought involved in all of this. This is a person who by his own admission carefully picked a particular victim. This is a person that the evidence would suggest, to me at any rate, that there was some planning about what was going to be done. There was a weapon that was involved here and there was [sic] threats of cruelty.
 So for all of those reasons I find by clear and convincing evidence that the Defendant meets the profile and will be labeled a sexual predator * * *. [Tr. 15-16.]
Having carefully reviewed the record, we conclude that there are facts which adequately support the trial court's finding that defendant is likely to engage in additional sexually oriented offenses. As such, we find that the evidence is sufficient for a rational trier of fact to find that the state has met its burden of proving by clear and convincing evidence that the defendant is a sexual predator. Accordingly, defendant's first assignment of error is not well-taken.
In his second assignment of error, defendant argues the trial court failed to make the findings necessary to impose a sentence in excess of the statutory minimum. We agree.
R.C. 2929.14(B) provides that:
 * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
The minimum prison term for the offense of attempted rape is two years, and the defendant was sentenced to serve six. However, the court failed to make either of the statutorily required findings. Accordingly, defendant's second assignment of error is well-taken.
For the foregoing reasons, defendant's first assignment of error is overruled, and his second assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for resentencing.
McCORMAC, J., concurs.
BOWMAN, J., dissents.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.