OPINION
{¶ 1} Appellant, Gerald R. Warman, appeals from the judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On December 23, 1982, after his case had been transferred from the Juvenile Division of the Franklin County Court of Common Pleas, the Franklin County Grand Jury indicted appellant, then 17 years of age, on one count of aggravated murder and one count of rape. The charges stemmed from the October 3, 1982 rape and murder of 16-year-old Sonya Jones. Appellant pled guilty to the lesser included offense of murder on count one, and also pled guilty to rape. He was sentenced to concurrent prison terms of 15 years to life on count one and 7 to 25 years on count two.
 {¶ 3} Pursuant to Am.Sub.H.B. No. 180, the Ohio Department of Rehabilitation and Correction screened appellant and determined that he met the statutory criteria for a sexual predator determination. On January 28, 2003, the trial court conducted a hearing on the matter. At the hearing, neither party presented testimony; however, the parties presented the court with six stipulated exhibits as follows: a certified copy of the indictment; a certified copy of the signed guilty plea form; a certified copy of the sentencing entry; a certified copy of the transcript of the guilty plea hearing; a package of materials including a post-sentence investigation, appellant's institutional disciplinary record, certificates evidencing programs appellant completed while in prison, and a report of a psychological examination of appellant conducted in 1997; and a second, updated packet of materials containing additional institutional disciplinary records and a progress report regarding appellant's participation in a sex offender program. The trial court heard argument from counsel for both parties.
 {¶ 4} At the conclusion of the hearing, the trial court announced that it found appellant to be a sexual predator, pursuant to R.C. 2950.09. The trial court journalized its findings in a Decision and Entry filed February 5, 2003. It is from this judgment entry that appellant now appeals.
 {¶ 5} Appellant presents for our review one assignment of error as follows:
The trial court's decision finding Appellant to be a "sexual predator" as defined by 2950.01(E) is contrary to the weight of the evidence.
Specifically, appellant argues that the State failed to prove by clear and convincing evidence that appellant is likely to commit a sexually oriented offense in the future.
 {¶ 6} A sexual predator is defined as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). After reviewing all testimony and evidence presented at a hearing conducted pursuant to R.C. 2950.09(B)(1), a judge shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(4).
 {¶ 7} In making the determination of whether the offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following under R.C.2950.09(B)(3):
(a) The offender's or delinquent child's age;
(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender or delinquent child;
(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.
The R.C. 2950.09(B)(3) factors are "guidelines for the court and there is no requisite number of factors that must be applicable before an offender can be considered a sexual predator." State v. Lewis (Mar. 13, 2001), Franklin App. No. 00AP-730.
 {¶ 8} An appellate court, in reviewing a finding that the appellant is a sexual predator, must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. State v. Grau (Dec. 28, 1999), Franklin App. No. 99AP-433. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengale (1991), 58 Ohio St.3d 121, 122. While clear and convincing evidence is "more than a preponderance of the evidence" it does not rise to the level of "evidence beyond a reasonable doubt." State v. Ingram (1992), 82 Ohio App.3d 341, 346.
 {¶ 9} Appellant pled guilty to the crime of rape. Rape, in violation of R.C. 2907.02, is a sexually oriented offense. R.C.2950.01(D)(1)(a). Thus, the issue that was before the trial court was whether clear and convincing evidence supports the conclusion that appellant is likely to engage in future sexually oriented offenses.
 {¶ 10} A review of the stipulated evidence makes plain the correctness of the trial court's finding. The post-sentence report prepared by the Ohio Adult Parole Authority reveals the following facts about appellant's crimes and about his evolving story with respect to his level of culpability in connection therewith. Appellant's victim was 16 years old at the time of her death. The Franklin County Coroner determined that she was strangled to death. Witnesses had seen appellant and the victim talking at approximately 1:00 a.m. on the morning of October 3, 1982. The victim's partially unclothed body was found approximately eight hours later, lying in an alley not far from her home. During an interview with police three days later, appellant admitted that he participated in the rape and strangulation of the victim, but implicated a second person as having also raped the victim. He further indicated that this other individual actually murdered the victim, while appellant only held her down. (Despite an investigation by police, charges have never been filed against the second individual.)
 {¶ 11} During an interview with an institutional psychologist conducted in 1997, appellant told the interviewer that he and his victim had had consensual sex many times before October 2, 1982, and that on that night she had agreed to do so again. He related that she expressed concerns about getting pregnant, and agreed to have sex with him in the alley where her body was found on the condition that he "pull out" prior to ejaculating. Appellant related that she became angry when he ejaculated while still inside of her, and that she kneed him in his groin. Appellant stated that this made him angry, whereupon he strangled her. The 1997 pre-parole psychological report makes no mention of appellant implicating an accomplice. Appellant also related to the psychologist that he had been drinking on the night of the offenses.
 {¶ 12} During a psychological intake interview conducted prior to 1997, appellant admitted to being the sole perpetrator of the rape and murder of Sonya Jones. This version of appellant's story contains no mention of the victim having provoked appellant by striking him in the groin. Instead, he reported that he murdered her to prevent her from telling authorities that he had raped her. In this interview, he claimed that the victim approached him, and the two were going to have sex in the alley but she changed her mind. He reported that he got angry that she changed her mind after she had "got him all ready" and he forced her to have sex. He stated that afterwards, she said something about the police, whereupon he took off his belt and strangled her with it.
 {¶ 13} The post-sentence investigation indicates that, at age 15, appellant was convicted of breaking and entering and grand theft. He also has past juvenile convictions for criminal trespassing, unruliness and a curfew violation.
 {¶ 14} Appellant's institutional disciplinary record reveals that he has been found guilty of over 20 separate Class 2 rules violations while incarcerated, including four incidents involving illicit drugs. He was twice found guilty of "trying to establish a relationship with a female staff member." The first of these violations involved attempting to establish a physical relationship with a female nurse. Appellant had allegedly written her several letters. Six years later, appellant again attempted to establish a physical relationship with a nurse; he wrote letters to the nurse in which he asked if they could be friends and indicated that sex would be requested. In September 1989, he was cited for an unspecified "seductive act." In January 2001, he was found guilty of masturbating while watching a female correctional officer.
 {¶ 15} While in prison, appellant has completed his General Equivalency Degree, and has taken some college courses. He has also completed programming on the topics of anger management, substance abuse, alternatives to violence and victim empathy, as well as the Magellan sex offender program. The 1997 pre-parole psychological report reveals that, according to appellant, he has abused alcohol since the age of 14 or 15. After age 15, he would use alcohol to the point of intoxication regularly. According to the pre-parole psychological report, appellant still feels he needs to attend Alcoholics Anonymous meetings.
 {¶ 16} The post-sentence investigation notes that appellant's probation officer reported that, prior to his incarceration in 1982, appellant continually displayed "anti-social" behavior. The pre-parole psychological report indicates that testing revealed appellant has a "limitation in the area of appropriate impulse control when angered, frustrated, agitated or when perceived goals become blocked." The report also indicates that appellant has limited insight into intra-personal problems. It states that, "he views himself as a victim of circumstances rather than the offender * * *. This type of individual tends to be self-centered and fails to listen to criticism or advice. Judgment tends to be faulty along with poor impulse control." (Pre-Parole Psychological Report, at 7.) The report contains diagnoses of "Paraphilia Not Otherwise Specified," "Alcohol Dependence" and "Antisocial Personality Disorder."
 {¶ 17} The report goes on to state:
Mr. Warman appears to have difficulty in inter-personal relationships; especially in hetero-sexual situations. He has demonstrated by his current offense to have strong sexual needs which get directed into violent sexual behavior. Additionally, his current interactions with several separate female staff, magnify his deficits in inter-personal relationships. He tends to view women in terms of being sexual objects and how they can meet and satisfy his needs; while ignoring or disregarding their rights. He tends to place his needs over the feelings and rights of others, especially in sexual situations or when interacting with females. His needs are self-serving in nature and demonstrate a lack of empathy toward others.
He has shown at periods of time, a significant lack of accepting authority, rules and regulations. This anti-social stance appears long term in nature, going back to early teen years. This anti-social stance can be viewed by his problems with receiving disobedience of direct order citations, substance abuse usage tickets and problems with interacting with women in intimate and non-intimate situations.
(Pre-Parole Psychological Report, at 8.)
 {¶ 18} We find that the likelihood that appellant will engage in a sexually oriented offense in the future was demonstrated by clear and convincing evidence at his hearing before the trial court. Appellant's long history of alcohol abuse is a relevant factor in assessing his propensity for recidivism. State v. Gardner (Nov. 16, 2000), Franklin App. No. 00AP-93; State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597. Appellant's juvenile criminal record of breaking and entering, grand theft and criminal trespassing are also relevant to the issue of likelihood of recidivism. State v. Scott (Sept. 29, 2000), Franklin App. No. 00AP-260.
 {¶ 19} The facts of the crime bear upon appellant's future likelihood of committing a sexually oriented offense. These include the tender age of the victim and the cruelty that appellant displayed toward the victim in strangling her to death and leaving her partially clad body in an alley. Other facts which justify the trial court's conclusion include appellant's diagnosed conditions of paraphilia and antisocial personality disorder, and the several instances while incarcerated in which appellant has demonstrated inappropriate sexual behavior and/or language to female prison staff in direct contravention of well-known prohibitions of such conduct. Although the standard set forth in R.C.2950.01(E) looks toward appellant's propensity to engage in future behavior, a trier of fact may look at past behavior as well, since past behavior is often an important indicator of future propensity. State v. Lewis (Mar. 13, 2001) Franklin App. No. 00AP-730, citing Kansas v. Hendricks (1997), 521 U.S. 346, 358, 117 S.Ct. 2072.
 {¶ 20} We believe the most substantial evidence supporting the trial court's conclusion is the description of appellant in the pre-parole psychological report as having limited impulse control; having difficulty in relationships, especially with women; tending to view women in terms of sexual objects and how they can meet his needs, while ignoring or disregarding their rights; having anti-social personality disorder; showing a significant lack of acceptance of rules and authority; and demonstrating a lack of empathy toward others.
 {¶ 21} Given all of the evidence set forth above, we disagree with appellant's contention that "[t]here is no real evidence suggesting that Warman is likely to reoffend." (Appellant's brief, at 7.) Appellant is disingenuous when he states that the trial court, "based its decision on the facts of the underlying offense and nothing more." (Appellant's brief, at 9.) The trial court was presented with many relevant facts other than those related directly to appellant's crimes themselves, upon which the court could have based its decision. Indeed, the trial court stated in its entry that it had conducted a "careful review of all of the evidence stipulated and/or admitted at the hearing." (February 5, 2003 Decision and Entry, at 2.)
 {¶ 22} While not all of the R.C. 2950.09(B)(3) factors are present here, "simply because certain factors may not apply to a particular defendant does not mean that he or she cannot be adjudicated a sexual predator." State v. Kendrick (Sept. 30, 1999), Franklin App. No. 98AP-1305; State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744. After a thorough review of the record, we find the evidence is sufficient for a rational trier of fact to find that the state met its burden to prove by clear and convincing evidence that appellant is a sexual predator. Accordingly, appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and KLATT, JJ., concur.