JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Yvonneda Edmondson (appellant) appeals from the trial court's sentencing her to five years in prison. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} Although appellant does not appeal the merits of her case, a brief factual background is necessary to understand the nature of her sentence. From approximately April to November 2003, appellant's boyfriend was living with her and her five-year-old daughter. During this time, appellant's boyfriend was severely abusing her daughter. From the evidence presented by the state, appellant was aware of this abuse and did nothing to prevent or stop it. In November 2003, appellant and her daughter were shopping at Target when a customer called the police from his cell phone to report a child who was so badly bruised that the man thought she must have been abused. That child was appellant's daughter. Appellant's boyfriend was eventually sentenced to 25 years in prison for rape, felonious assault and child endangering. On August 30, 2004, appellant pled guilty to one count of child endangering in violation of R.C. 2919.22, a third-degree felony. On December 14, 2004, the trial court sentenced appellant to five years imprisonment, the maximum penalty appellant faced for this offense.
 II. {¶ 3} In her first and only assignment of error, appellant argues that "the trial court erred when it sentenced defendant-appellant to a maximum term without placing its reasons for doing so on the record." Specifically, appellant argues that the court failed to satisfy the requirements of necessity and proportionality.
 {¶ 4} Pursuant to R.C. 2953.08(G)(2), the standard for an appellate court reviewing the imposition of a sentence is clear and convincing evidence as to whether the record supports the court's findings or the sentence is contrary to law. Clear and convincing evidence is evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati BarAssoc. v. Massengale (1991), 58 Ohio St.3d 121, 122.
 {¶ 5} According to R.C. 2929.11, the overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender. A court must make sure each sentence is "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). See, also, State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 6} R.C. 2929.14(B)(2) mandates that when a court imposes a prison term on a first time offender, it shall impose the shortest prison term authorized, unless "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(C) states that the trial court may impose the maximum term authorized only upon offenders who, among other things, committed the worst form of the offense. Additionally, R.C. 2929.19(B)(2)(d) states that when the court imposes the maximum term upon an offender, it shall, on the record, make findings and list the reasons behind those findings for selecting the sentence imposed.
 {¶ 7} As to what constitutes the worst or most serious form of an offense, the Ohio legislature has listed relevant factors that the court shall consider when imposing maximum sentences. The pertinent parts of R.C. 2929.12(B) read as follows:
"(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
"(2) The victim of the offense suffered serious physical, psychological, or economical harm as a result of the offense.
* * *
"(6) The offender's relationship with the victim facilitated the offense."
 {¶ 8} In the instant case, the trial court made the following findings, and listed the reasons behind those findings, on the record:
"Pursuant to 2929.12(B), certainly the victim's age, which is age six, exacerbated the very serious injuries that she received over a protracted period of time.
"It's clear from the statements submitted by law enforcement investigators in this case, [the child] suffered very serious emotional, physical and evidently long-term psychological harm, as a result of the failure to, in any way, act to protect her of Miss Edmonson [sic] in this case.
"The harm caused was directly as relates to this defendant, due to the relationship between the defendant and her daughter. It was against a household member, as contemplated by statute, certainly the duty owed by the mother to a child is the highest we can contemplate in that context.
"The State has offered, and indeed the Detective Wilkins has indicated today that, and I believe Miss Pruitt and Miss Haynes as well has confirmed that there's been no genuine indication of remorse in this case.
"During the course of the sentencing hearing, ma'am, and your comments to this Court, I think I heard the pronoun `I' expressed maybe 25 or 30 times.
"I never heard you indicate that you are remorseful, the fact that it was your negligence, your failure to act.
"It was your utter inability to get your daughter out of the house to the hospital, and in the hands of either police or human services or someone to have prevented this injury.
"I acknowledge the fact that you are, yourself, a victim of abuse over the years, physical and sexual, and that is an explanation, perhaps for your inability to appreciate the harm that your acts caused to your daughter.
"It is not an excuse, legally, before this Court.
"In fact, these findings, the Court notes that the minimum term in thiscase would demean the extraordinary serious nature of the injuries thatoccurred as a result of your acts, that the comments made by DetectiveWilkins, Pruit [sic] and Haynes, had consistently and credibly indicatedthat in their many years of law enforcement investigation, this is theworst form of the offense."[1]
 {¶ 9} The court found that appellant committed the worst form of the offense. This is supported by the testimony of three witnesses, all of whom spoke of the severity of appellant's offense: Detective Wilkens, who has almost 20 years of law enforcement experience; Detective Lisner, who has 25 years of law enforcement experience; and Debra Haynes, who has been with the Cuyahoga County Department of Children and Family Services for 27 years. Additionally, the court found that a lesser sentence would demean the seriousness of appellant's conduct, that the victim's injuries were made more serious by her young age, that, notwithstanding the victim's age, her injuries were very serious and long-term, and the injuries were caused, in part, by the fact that appellant is the victim's mother.
 {¶ 10} Accordingly, we find that the court complied with Ohio's felony sentencing statutes and did not err in sentencing appellant to the maximum prison term for child endangering. Appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Gallagher, J., Concur.
[1] Tr. at 45-47. (Emphasis added.)